Deed Book 16077 Page 3113
Filed and Recorded 08/03/22 10:40:00 AM
2022-0089689
Connie Taylor
Clerk of Superior Court
Cobb County, GA
Participant IDs: 8274269752

Return to:
**O'Kelley & Sorohan, Attorneys at Law, LLC**
2170 Satellite Blvd, Suite 375
Duluth, GA 30097
File No.: 23-206092-CRE

STATE OF ILLINOIS
COUNTY OF DUPAGE

## CORRECTIVE LIMITED WARRANTY DEED

**This deed is being recorded to correct the capacity of the signer as it appears in the signature block of that certain Limited Warranty Deed recorded March 9, 2022 in Deed Book 16034, Page 5211, Cobb County, Georgia records.**

THIS INDENTURE, made on ___/___ day of **August, 2022**, between

**Millrock Investment Fund 1, LLC, a Utah limited liability company**

(hereinafter referred to as "Grantor") and

**See attached Schedule I-Ownership Interests,**
attached hereto and incorporated herein by reference,

(hereinafter referred to as "Grantee"), the words "Grantor" and "Grantee" to include the heirs, executors, legal representatives, successors and assigns of said parties where the context requires or permits; WITNESSETH:

THAT Grantor, for and in consideration of the sum of TEN DOLLARS ($10.00) AND OTHER GOOD AND VALUABLE CONSIDERATIONS, in hand paid, at and before the sealing and delivery of these presents, the receipt of which is hereby acknowledged by Grantor, has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell and convey unto Grantee that certain real property with a street address of 4300 Bells Ferry Road, Kennesaw, GA 30144 all as more particularly described in Exhibit "A" attached hereto and incorporated herein by reference ("Property").

### See Exhibit "A" Legal Description

TOGETHER WITH all and singular the rights, members. Tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining and all right, title and interest of Grantor, if any, in and to any land lying in the bed of any street, road or avenue, open, closed, or proposed in front of or adjoining the Property, to the center line.

THIS CONVEYANCE and the warranties herein contained are expressly made subject to those liens, encumbrances, restrictions and other matters set forth on Exhibit "B" attached hereto (collectively referred to as the "Permitted Exceptions") and incorporated herein by this reference.

TO HAVE AND TO HOLD the Property, subject to the Permitted Exceptions, to the only proper use, benefit and behoof of Grantee, forever, in FEE SIMPLE, and Grantor will, subject to the Permitted Exceptions, warrant and forever defend the right and title to the Property unto Grantee against the claims of all person claiming by, through or under Grantor, but not otherwise.

CRE Limited Warranty Deed                                                      23-206092-CRE

## Schedule I
## Ownership Interests

| Grantee: | Percentage Interest |
|---|---|
| Sophanarith Chea | 4.5181% |
| John N. Pikulin as Trustee of the John N. Pikulin Revocable Trust of 2012 dated July 12, 2012 | 3.3110% |
| Uniconworld, LLC, a Washington limited liability company | 5.0195% |
| Mark D Harrington LLC, a New Jersey limited liability company | 17.2996% |
| Mark Harrington LLC, a New Jersey limited liability company | 12.1002% |
| Julie A. Cassidy | 3.9880% |
| Dana Kyle Devlin and Hilda Arline Devlin, as joint tenants with rights of survivorship | 18.0726% |
| Thomas E. Lund and Leslie J. Lund, as joint tenants with rights of survivorship | 4.2832% |
| Melvin R. Hall as Trustee of the Melvin R. Hall Trust Agreement dated September 1, 1997, as amended and restated | 3.3683% |
| Frank M. DeSimone | 1.4345% |
| Raphael Q. Belford as Trustee of the Raphael Q. Belford Living Trust DTD 8/26/2003, as amended | 2.0026% |
| Bruce C. Frandsen and Nyla J. Frandsen, as joint tenants with rights of survivorship | 8.0423% |
| Mariah Properties, LLC, a Georgia limited liability company | 2.5421% |
| Justin P. Howe | 3.4805% |
| Robert Barnes | 4.1928% |
| Donald Patterson | 5.4218% |
| Kim Chatfield & Richard Roy Chatfield, as joint tenants with rights of survivorship | 0.9036% |
| Millrock Investment Fund 1, LLC, a Utah limited liability company | 0.0193% |

23-206092-CRE

Exhibit "A" Legal Description

PARCEL 1: ALL OF THAT TRACT OR PARCEL OF LAND LYING AND BEING ON LAND LOT 212, 16TH DISTRICT, 2ND SECTION, COBB COUNTY, GEORGIA BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: TO FIND THE TRUE POINT OF BEGINNING, COMMENCE AT A CONCRETE MONUMENT FOUND AT THE SOUTHEASTERLY END OF A MITERED RIGHT-OF-WAY LINE AT THE INTERSECTION OF THE NORTHERLY RIGHT-OF-WAY LINE OF U.S. HWY. 575 (GA. HWY. 5) (VARIABLE WIDTH RIGHT-OF-WAY) WITH THE EASTERLY RIGHT-OF-WAY LINE OF BELLS FERRY ROAD (VARIABLE WIDTH RIGHT-OF-WAY); THENCE ALONG THE EASTERLY RIGHT-OF-WAY LINE OF BELLS FERRY ROAD NORTH 34 DEGREES 51 MINUTES 35 SECONDS WEST A DISTANCE OF 182.52 FEET TO A POINT; THENCE A DISTANCE OF 386.77 FEET ALONG THE ARC OF A CURVE TO THE LEFT, SAID CURVE HAVING A RADIUS OF 2009.86 FEET AND BEING SUBTENDED BY A CHORD BEARING AND DISTANCE OF NORTH 06 DEGREES 26 MINUTES 00 SECONDS WEST 386.17 FEET TO A POINT; THENCE NORTH 27 DEGREES 20 MINUTES 50 SECONDS WEST A DISTANCE OF 315.90 FEET TO THE TRUE POINT OF BEGINNING; THENCE SOUTH 66 DEGREES 0 MINUTES 51 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE A DISTANCE OF 8.88 FEET TO A POINT; THENCE NORTH 21 DEGREES 22 MINUTES 28 SECONDS WEST A DISTANCE OF 209.66 FEET TO A POINT; THENCE LEAVING SAID RIGHT-OF-WAY LINE NORTH 89 DEGREES 43 MINUTES 55 SECONDS EAST A DISTANCE OF 305.00 FEET TO A HUB AND TACK FOUND; THENCE SOUTH 1 DEGREES 55 MINUTES 32 SECONDS WEST A DISTANCE OF 200.25 FEET TO A 1/2 INCH REBAR SET; THENCE NORTH 88 DEGREES 6 MINUTES 8 SECONDS WEST A DISTANCE OF 213.86 FEET TO THE TRUE POINT OF BEGINNING; SAID TRACT OR PARCEL BEING LABELED AS "PARCEL 1", BEING SHOWN AS CONTAINING 0.1250 ACRES, AND "PARCEL 2", BEING SHOWN AS CONTAINING 1.0601 ACRES ON THAT CERTAIN BOUNDARY & TOPOGRAPHIC MAP DATED MAY 23, 1988, LAST REVISED ON JUNE 27, 1988 FOR THE CITIZENS AND SOUTHERN NATIONAL BANK, PREPARED BY PRUITT & ASSOCIATES, P.C., AND CERTIFIED BY TRAVIS N. PRUITT, SR., GEORGIA REGISTERED LAND SURVEYOR NO. 1729. LESS & EXCEPT THE FOLLOWING TRACT: ALL OF THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 212, 16TH DISTRICT, 2ND SECTION, COBB COUNTY, GEORGIA BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: TO FIND THE TRUE POINT OF BEGINNING, COMMENCE AT A CONCRETE MONUMENT FOUND AT THE SOUTHEASTERLY END OF A MITERED RIGHT-OF-WAY LINE AT THE INTERSECTION OF THE NORTHERLY RIGHT-OF-WAY LINE OF U.S. HWY. 575 (GA. HWY. 5) (VARIABLE WIDTH RIGHT-OF-WAY) WITH THE EASTERLY RIGHT-OF-WAY LINE OF BELLS FERRY ROAD (VARIABLE WIDTH RIGHT-OF-WAY); THENCE ALONG THE EASTERLY RIGHT-OF-WAY LINE OF BELLS FERRY ROAD NORTH 34 DEGREES 51 MINUTES 35 SECONDS WEST A DISTANCE OF 182.52 FEET TO A POINT; THENCE A DISTANCE OF 386.77 FEET ALONG THE ARC OF

A CURVE TO THE LEFT, SAID CURVE HAVING A RADIUS OF 2009.86 FEET AND BEING SUBTENDED BY A CHORD BEARING AND DISTANCE OF NORTH 06 DEGREES 26 MINUTES 00 SECONDS WEST 386.17 FEET TO A POINT; NORTH 27 DEGREES 20 MINUTES 50 SECONDS WEST A DISTANCE OF 315.90 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID EASTERLY RIGHT-OF-WAY LINE SOUTH 66 DEGREES 0 MINUTES 51 SECONDS WEST A DISTANCE OF 8.88 FEET TO A POINT; THENCE NORTH 21 DEGREES 22 MINUTES 28 SECONDS WEST A DISTANCE OF 209.66 FEET TO A POINT; THENCE LEAVING SAID RIGHT-OF-WAY LINE NORTH 89 DEGREES 43 MINUTES 55 SECONDS EAST A DISTANCE OF 30.21 FEET TO A 1/2 INCH REBAR SET ON THE PROPOSEDEXHIBIT A (Continued) Commitment No.: 62120 EASTERLY RIGHT-OF-WAY LINE OF BELLS FERRY ROAD; THENCE ALONG SAID PROPOSED RIGHT-OF-WAY LINE SOUTH 20 DEGREES 9 MINUTES 42 SECONDS EAST A DISTANCE OF 51.77 FEET TO A POINT; THENCE SOUTH 20 DEGREES 55 MINUTES 2 SECONDS EAST A DISTANCE OF 79.40 FEET TO A POINT; THENCE SOUTH 19 DEGREES 5 MINUTES 40 SECONDS EAST A DISTANCE OF 73.59 FEET TO 1/2 INCH REBAR SET; THENCE NORTH 88 DEGREES 06 MINUTES 08 SECONDS WEST A DISTANCE OF 15.95 FEET TO THE TRUE POINT OF BEGINNING, SAID TRACT CONTAINING .1250 ACRES OF LAND AS DESCRIBED IN THAT CERTAIN QUITCLAIM DEED RECORDED IN BOOK 4980 PAGE 485 OF THE COUNTY RECORDS OF COBB COUNTY, GEORGIA. PARCEL 2: EASEMENTS AND OTHER INTERESTS IN REAL PROPERTY CONTAINED IN THAT CERTAIN DECLARATION OF PLAN OF EASEMENTS AND RESTRICTIONS BY THE MITCHELL COMPANY, AN ALABAMA GENERAL PARTNERSHIP OF THE COUNTY OF MOBILE, STATE OF ALABAMA, DATED DECEMBER 30, 1987, FILED FOR RECORD DECEMBER 30, 1987, AND RECORDED IN DEED BOOK 4763, PAGE 498, AFORESAID RECORDS; AS AFFECTED BY PARTIAL TERMINATION OF RIGHTS UNDER DECLARATION OF PLAN OF EASEMENTS AND RESTRICTIONS BY MID-ATLANTIC CENTERS LIMITED PARTNERSHIP, A MARYLAND LIMITED PARTNERSHIP, DATED DECEMBER 22, 1992, FILED FOR RECORD FEBRUARY 4, 1993, AND RECORDED IN DEED BOOK 7132, PAGE 370, AFORESAID RECORDS.

ADDRESS: BELLS FERRY RD., KENNESAW, GA 30144 COBB COUNTY TAX PARCEL ID NO. 16021200030

Deed Book 16077 Page 3118
Connie Taylor
Clerk of Superior Court

## Exhibit "B" -- Permitted Exceptions

1. All taxes and assessments for the year 2022 and subsequent years, not due and payable, and any additional taxes which may be assessed for current or prior years due to revised appraisal, re-assessment of taxes or an appeal.

2. Right of Way Deed from Harold A. Foster to Department of Transportation, dated January 30, 1978 and recorded February 1, 1978 in http://portal.handblegal.com/Handlers/AnonymousDownload.ashx?file=0b83a490Deed Book 1859, Page 122, records of the Superior Court of Cobb County, Georgia.

3. Conveyance of Access Rights by and between the Department of Transportation, State of Georgia and The Mitchell Company, an Alabama general partnership, dated June 22, 1987, filed August 13, 1987 and recorded in Deed Book 4602, Page 179, aforesaid records.

4. Easement from The Mitchell Company to Cobb Electric Membership Corporation, dated July 23, 1987 and recorded October 28, 1987 in Deed Book 4694, Page 170, aforesaid records.

5. Declaration of Restrictions by The Mitchell Company, an Alabama General Partnership, dated March 25, 1987 and recorded December 30, 1987 in Deed Book 4763, Page 489, aforesaid records; as amended by Amendment to Declaration of Restrictions, dated December 1, 1987, filed December 30, 1987 and recorded in Deed Book 4763, Page 496, aforesaid records; as may be further amended and/or supplemented.

6. Declaration of Plat of Easements and Restrictions by The Mitchell Company, dated December 30, 1987, recorded December 30, 1987 in Deed Book 4763, Page 498, aforesaid records; as affected by Partial Termination of Rights Under Declaration of Plant of Easements and Restrictions by Mid-Atlantic Centers Limited Partnership, a Maryland limited partnership, dated December 22, 1992 and recorded February 4, 1993 in Deed Book 7132, Page 370, aforesaid records; as may be further amended and/or supplemented.

7. Right of Way as contained in that certain Quitclaim Deed from The Citizens and Southern National Bank to Cobb County, dated June 30, 1988 and recorded June 30, 1988 in Deed Book 4980, Page 485, aforesaid records.

8. Pole Line Easement from Bank of America, N.A., as successor by mergers to the Citizens and Southern National Bank, to Georgia Transmission Corporation (an Electric Membership Corporation), a Georgia corporation, and Cobb Electric Membership Corporation, a Georgia Corporation, dated July 5, 2000, filed July 6, 2000 and recorded in Deed Book 13274, Page 5121, aforesaid records.

9. Terms and conditions of the Lease Agreement evidenced by Memorandum of Lease between SARC US, LLC, a Missouri limited liability company and Advance Care Medical Kennesaw GA-1, Inc., a Delaware corporation, dated June 17, 2021, filed September 1, 2021 and recorded in Deed Book 15962, Page 573, aforesaid records; as affected by Subordination, Non-Disturbance and Attornment Agreement among SARC US, LLC, a Missouri limited liability company, Advance Care Medical Kennesaw GA-1, Inc., a Delaware corporation and First State Bank and Trust Company, Inc., a Missouri state chartered bank, dated May 4, 2021, filed September 1, 2021 and recorded in Deed Book 15962, Page 579, aforesaid records.

Deed Book 16034 Page 5211
Filed and Recorded 3/9/2022 4:15:00 PM
2022-0028928
Real Estate Transfer Tax $5,532.20
Connie Taylor
Clerk of Superior Court
Cobb County, GA
Participant IDs: 8274269752

Return to:
**O'Kelley & Sorohan, Attorneys at Law, LLC**
2170 Satellite Blvd, Suite 375
Duluth, GA 30097
File No.:  23-206092-CRE

STATE OF ILLINOIS
COUNTY OF DUPAGE

# LIMITED WARRANTY DEED

THIS INDENTURE, made on **2ⁿᵈ day of March, 2022**, between

**Millrock Investment Fund 1, LLC, a Utah limited liability company**

(hereinafter referred to as "Grantor") and

**See attached Schedule I-Ownership Interests,**
attached hereto and incorporated herein by reference,

(hereinafter referred to as "Grantee"), the words "Grantor" and "Grantee" to include the heirs, executors, legal representatives, successors and assigns of said parties where the context requires or permits;  WITNESSETH:

THAT Grantor, for and in consideration of the sum of TEN DOLLARS ($10.00) AND OTHER GOOD AND VALUABLE CONSIDERATIONS, in hand paid, at and before the sealing and delivery of these presents, the receipt of which is hereby acknowledged by Grantor, has granted, bargained, sold and conveyed, and by these presents does grant, bargain, sell and convey unto Grantee that certain real property with a street address of 4300 Bells Ferry Road, Kennesaw, GA 30144 all as more particularly described in Exhibit "A" attached hereto and incorporated herein by reference ("Property").

### See Exhibit "A" Legal Description

TOGETHER WITH all and singular the rights, members. Tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining and all right, title and interest of Grantor, if any, in and to any land lying in the bed of any street, road or avenue, open, closed, or proposed in front of or adjoining the Property, to the center line.

THIS CONVEYANCE and the warranties herein contained are expressly made subject to those liens, encumbrances, restrictions and other matters set forth on Exhibit "B" attached hereto (collectively referred to as the "Permitted Exceptions") and incorporated herein by this reference.

TO HAVE AND TO HOLD the Property, subject to the Permitted Exceptions, to the only proper use, benefit and behoof of Grantee, forever, in FEE SIMPLE, and Grantor will, subject to the Permitted Exceptions, warrant and forever defend the right and title to the Property unto Grantee against the claims of all person claiming by, through or under Grantor, but not otherwise.

### [SIGNATURE PAGE TO FOLLOW]

CRE Limited Warranty Deed                                                         23-206092-CRE

Deed Book 16034 Page 5212

IN WITNESS WHEREOF, Grantor has executed this instrument under seal, as of the date first above written.

Signed, sealed and delivered
in the presence of:

_____
Unofficial Witness

_____
Notary Public
Commission expires: 12/30/2023

```
~~~~~~~~~~~~~~~~~~~~~~~~~~~
       Official Seal
      Audrey J Budig
  Notary Public State of Illinois
My Commission Expires 12/30/2023
~~~~~~~~~~~~~~~~~~~~~~~~~~~
```

Millrock Investment Fund 1, LLC, a Utah limited
liability company

BY: _____
    Kevin G. Long
    Manager

CRE Limited Warranty Deed

23-206092-CRE

Deed Book 16034 Page 5213

## Schedule I
## Ownership Interests

| Grantee: | Percentage Interest |
|---|---|
| Sophanarith Chea | 4.5181% |
| John N. Pikulin as Trustee of the John N. Pikulin Revocable Trust of 2012 dated July 12, 2012 | 3.3110% |
| Uniconworld, LLC, a Washington limited liability company | 5.0195% |
| Mark D Harrington LLC, a New Jersey limited liability company | 17.2996% |
| Mark Harrington LLC, a New Jersey limited liability company | 12.1002% |
| Julie A. Cassidy | 3.9880% |
| Dana Kyle Devlin and Hilda Arline Devlin, as joint tenants with rights of survivorship | 18.0726% |
| Thomas E. Lund and Leslie J. Lund, as joint tenants with rights of survivorship | 4.2832% |
| Melvin R. Hall as Trustee of the Melvin R. Hall Trust Agreement dated September 1, 1997, as amended and restated | 3.3683% |
| Frank M. DeSimone | 1.4345% |
| Raphael Q. Belford as Trustee of the Raphael Q. Belford Living Trust DTD 8/26/2003, as amended | 2.0026% |
| Bruce C. Frandsen and Nyla J. Frandsen, as joint tenants with rights of survivorship | 8.0423% |
| Mariah Properties, LLC, a Georgia limited liability company | 2.5421% |
| Justin P. Howe | 3.4805% |
| Robert Barnes | 4.1928% |
| Donald Patterson | 5.4218% |
| Kim Chatfield & Richard Roy Chatfield, as joint tenants with rights of survivorship | 0.9036% |
| Millrock Investment Fund 1, LLC, a Utah limited liability company | 0.0193% |

CRE Limited Warranty Deed

23-206092-CRE

Deed Book 16034 Page 5214

Exhibit "A" Legal Description

PARCEL 1: ALL OF THAT TRACT OR PARCEL OF LAND LYING AND BEING ON LAND LOT 212, 16TH DISTRICT, 2ND SECTION, COBB COUNTY, GEORGIA BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: TO FIND THE TRUE POINT OF BEGINNING, COMMENCE AT A CONCRETE MONUMENT FOUND AT THE SOUTHEASTERLY END OF A MITERED RIGHT-OF-WAY LINE AT THE INTERSECTION OF THE NORTHERLY RIGHT-OF-WAY LINE OF U.S. HWY. 575 (GA. HWY. 5) (VARIABLE WIDTH RIGHT-OF-WAY) WITH THE EASTERLY RIGHT-OF-WAY LINE OF BELLS FERRY ROAD (VARIABLE WIDTH RIGHT-OF-WAY); THENCE ALONG THE EASTERLY RIGHT-OF-WAY LINE OF BELLS FERRY ROAD NORTH 34 DEGREES 51 MINUTES 35 SECONDS WEST A DISTANCE OF 182.52 FEET TO A POINT; THENCE A DISTANCE OF 386.77 FEET ALONG THE ARC OF A CURVE TO THE LEFT, SAID CURVE HAVING A RADIUS OF 2009.86 FEET AND BEING SUBTENDED BY A CHORD BEARING AND DISTANCE OF NORTH 06 DEGREES 26 MINUTES 00 SECONDS WEST 386.17 FEET TO A POINT; THENCE NORTH 27 DEGREES 20 MINUTES 50 SECONDS WEST A DISTANCE OF 315.90 FEET TO THE TRUE POINT OF BEGINNING; THENCE SOUTH 66 DEGREES 0 MINUTES 51 SECONDS WEST ALONG SAID EASTERLY RIGHT-OF-WAY LINE A DISTANCE OF 8.88 FEET TO A POINT; THENCE NORTH 21 DEGREES 22 MINUTES 28 SECONDS WEST A DISTANCE OF 209.66 FEET TO A POINT; THENCE LEAVING SAID RIGHT-OF-WAY LINE NORTH 89 DEGREES 43 MINUTES 55 SECONDS EAST A DISTANCE OF 305.00 FEET TO A HUB AND TACK FOUND; THENCE SOUTH 1 DEGREES 55 MINUTES 32 SECONDS WEST A DISTANCE OF 200.25 FEET TO A 1/2 INCH REBAR SET; THENCE NORTH 88 DEGREES 6 MINUTES 8 SECONDS WEST A DISTANCE OF 213.86 FEET TO THE TRUE POINT OF BEGINNING; SAID TRACT OR PARCEL BEING LABELED AS "PARCEL 1", BEING SHOWN AS CONTAINING 0.1250 ACRES, AND "PARCEL 2", BEING SHOWN AS CONTAINING 1.0601 ACRES ON THAT CERTAIN BOUNDARY & TOPOGRAPHIC MAP DATED MAY 23, 1988, LAST REVISED ON JUNE 27, 1988 FOR THE CITIZENS AND SOUTHERN NATIONAL BANK, PREPARED BY PRUITT & ASSOCIATES, P.C., AND CERTIFIED BY TRAVIS N. PRUITT, SR., GEORGIA REGISTERED LAND SURVEYOR NO. 1729. LESS & EXCEPT THE FOLLOWING TRACT: ALL OF THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 212, 16TH DISTRICT, 2ND SECTION, COBB COUNTY, GEORGIA BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: TO FIND THE TRUE POINT OF BEGINNING, COMMENCE AT A CONCRETE MONUMENT FOUND AT THE SOUTHEASTERLY END OF A MITERED RIGHT-OF-WAY LINE AT THE INTERSECTION OF THE NORTHERLY RIGHT-OF-WAY LINE OF U.S. HWY. 575 (GA. HWY. 5) (VARIABLE WIDTH RIGHT-OF-WAY) WITH THE EASTERLY RIGHT-OF-WAY LINE OF BELLS FERRY ROAD (VARIABLE WIDTH RIGHT-OF-WAY); THENCE ALONG THE EASTERLY RIGHT-OF-WAY LINE OF BELLS FERRY ROAD NORTH 34 DEGREES 51 MINUTES 35 SECONDS WEST A DISTANCE OF 182.52 FEET TO A POINT; THENCE A DISTANCE OF 386.77 FEET ALONG THE ARC OF

A CURVE TO THE LEFT, SAID CURVE HAVING A RADIUS OF 2009.86 FEET AND BEING SUBTENDED BY A CHORD BEARING AND DISTANCE OF NORTH 06 DEGREES 26 MINUTES 00 SECONDS WEST 386.17 FEET TO A POINT; NORTH 27 DEGREES 20 MINUTES 50 SECONDS WEST A DISTANCE OF 315.90 FEET TO THE TRUE POINT OF BEGINNING; THENCE CONTINUING ALONG SAID EASTERLY RIGHT-OF-WAY LINE SOUTH 66 DEGREES 0 MINUTES 51 SECONDS WEST A DISTANCE OF 8.88 FEET TO A POINT; THENCE NORTH 21 DEGREES 22 MINUTES 28 SECONDS WEST A DISTANCE OF 209.66 FEET TO A POINT; THENCE LEAVING SAID RIGHT-OF-WAY LINE NORTH 89 DEGREES 43 MINUTES 55 SECONDS EAST A DISTANCE OF 30.21 FEET TO A 1/2 INCH REBAR SET ON THE PROPOSEDEXHIBIT A (Continued) Commitment No.: 62120 EASTERLY RIGHT-OF-WAY LINE OF BELLS FERRY ROAD; THENCE ALONG SAID PROPOSED RIGHT-OF-WAY LINE SOUTH 20 DEGREES 9 MINUTES 42 SECONDS EAST A DISTANCE OF 51.77 FEET TO A POINT; THENCE SOUTH 20 DEGREES 55 MINUTES 2 SECONDS EAST A DISTANCE OF 79.40 FEET TO A POINT; THENCE SOUTH 19 DEGREES 5 MINUTES 40 SECONDS EAST A DISTANCE OF 73.59 FEET TO 1/2 INCH REBAR SET; THENCE NORTH 88 DEGREES 06 MINUTES 08 SECONDS WEST A DISTANCE OF 15.95 FEET TO THE TRUE POINT OF BEGINNING, SAID TRACT CONTAINING .1250 ACRES OF LAND AS DESCRIBED IN THAT CERTAIN QUITCLAIM DEED RECORDED IN BOOK 4980 PAGE 485 OF THE COUNTY RECORDS OF COBB COUNTY, GEORGIA. PARCEL 2: EASEMENTS AND OTHER INTERESTS IN REAL PROPERTY CONTAINED IN THAT CERTAIN DECLARATION OF PLAN OF EASEMENTS AND RESTRICTIONS BY THE MITCHELL COMPANY, AN ALABAMA GENERAL PARTNERSHIP OF THE COUNTY OF MOBILE, STATE OF ALABAMA, DATED DECEMBER 30, 1987, FILED FOR RECORD DECEMBER 30, 1987, AND RECORDED IN DEED BOOK 4763, PAGE 498, AFORESAID RECORDS; AS AFFECTED BY PARTIAL TERMINATION OF RIGHTS UNDER DECLARATION OF PLAN OF EASEMENTS AND RESTRICTIONS BY MID-ATLANTIC CENTERS LIMITED PARTNERSHIP, A MARYLAND LIMITED PARTNERSHIP, DATED DECEMBER 22, 1992, FILED FOR RECORD FEBRUARY 4, 1993, AND RECORDED IN DEED BOOK 7132, PAGE 370, AFORESAID RECORDS.

ADDRESS: BELLS FERRY RD., KENNESAW, GA 30144 COBB COUNTY TAX PARCEL ID NO. 16021200030

Deed Book 16034 Page 5216
Connie Taylor
Clerk of Superior Court

Exhibit "B" – Permitted Exceptions

1.    All taxes and assessments for the year 2022 and subsequent years, not due and payable, and any additional taxes which may be assessed for current or prior years due to revised appraisal, re-assessment of taxes or an appeal.

2.    Right of Way Deed from Harold A. Foster to Department of Transportation, dated January 30, 1978 and recorded February 1, 1978 in http://portal.handblegal.com/Handlers/AnonymousDownload.ashx?file=0b83a490Deed Book 1859, Page 122, records of the Superior Court of Cobb County, Georgia.

3.    Conveyance of Access Rights by and between the Department of Transportation, State of Georgia and The Mitchell Company, an Alabama general partnership, dated June 22, 1987, filed August 13, 1987 and recorded in Deed Book 4602, Page 179, aforesaid records.

4.    Easement from The Mitchell Company to Cobb Electric Membership Corporation, dated July 23, 1987 and recorded October 28, 1987 in Deed Book 4694, Page 170, aforesaid records.

5.    Declaration of Restrictions by The Mitchell Company, an Alabama General Partnership, dated March 25, 1987 and recorded December 30, 1987 in Deed Book 4763, Page 489, aforesaid records; as amended by Amendment to Declaration of Restrictions, dated December 1, 1987, filed December 30, 1987 and recorded in Deed Book 4763, Page 496, aforesaid records; as may be further amended and/or supplemented.

6.    Declaration of Plat of Easements and Restrictions by The Mitchell Company, dated December 30, 1987, recorded December 30, 1987 in Deed Book 4763, Page 498, aforesaid records; as affected by Partial Termination of Rights Under Declaration of Plant of Easements and Restrictions by Mid-Atlantic Centers Limited Partnership, a Maryland limited partnership, dated December 22, 1992 and recorded February 4, 1993 in Deed Book 7132, Page 370, aforesaid records; as may be further amended and/or supplemented.

7.    Right of Way as contained in that certain Quitclaim Deed from The Citizens and Southern National Bank to Cobb County, dated June 30, 1988 and recorded June 30, 1988 in Deed Book 4980, Page 485, aforesaid records.

8.    Pole Line Easement from Bank of America, N.A., as successor by mergers to the Citizens and Southern National Bank, to Georgia Transmission Corporation (an Electric Membership Corporation), a Georgia corporation, and Cobb Electric Membership Corporation, a Georgia Corporation, dated July 5, 2000, filed July 6, 2000 and recorded in Deed Book 13274, Page 5121, aforesaid records.

9.    Terms and conditions of the Lease Agreement evidenced by Memorandum of Lease between SARC US, LLC, a Missouri limited liability company and Advance Care Medical Kennesaw GA-1, Inc., a Delaware corporation, dated June 17, 2021, filed September 1, 2021 and recorded in Deed Book 15962, Page 573, aforesaid records; as affected by Subordination, Non-Disturbance and Attornment Agreement among SARC US, LLC, a Missouri limited liability company, Advance Care Medical Kennesaw GA-1, Inc., a Delaware corporation and First State Bank and Trust Company, Inc., a Missouri state chartered bank, dated May 4, 2021, filed September 1, 2021 and recorded in Deed Book 15962, Page 579, aforesaid records.

CRE Limited Warranty Deed

23-206092-CRE



## OLD REPUBLIC TITLE

**13865820 B: 11292 P: 5492 Total Pages: 2**
**01/10/2022 11:06 AM By: ndarmiento Fees: $40.00**
SWD- SPECIAL WARRANTY DEED
Rashelle Hobbs, Recorder, Salt Lake County, Utah
Return To: OLD REPUBLIC TITLE (COMMERCIAL)
299 S MAIN STSALT LAKE CITY, UT 841111919

MAIL TAX NOTICE TO GRANTEE:
DANA KYLE DEVLIN and HILDA ARLINE DEVLIN
22026 Rio Vista Drive
Caldwell ID 83607
File Number: 1941482FA-38

# SPECIAL WARRANTY DEED

**SARC DRAPER LLC, a Missouri limited liability company**                     GRANTOR

for the sum of TEN DOLLARS and other good and valuable consideration hereby CONVEYS and WARRANTS
AGAINST THE ACTS OF GRANTOR ONLY to

**DANA KYLE DEVLIN and HILDA ARLINE DEVLIN,**                     GRANTEE
**as to an undivided 1.6820% interest as a tenant in common**

the following tract of land in SALT LAKE COUNTY, STATE OF UTAH, to-wit:

Unit 100, 110, 200, 210, 220, contained within the HBA PLAZA AT DRAPER, a Utah Condominium
Project as identified in the Record of Survey Map recorded May 22, 2020, as Entry No. 13278243, in Book
2020P of Plats at Page 122, and as further defined and described in the Declaration of Condominium of the
HBA PLAZA AT DRAPER CONDOMINIUMS, recorded May 22, 2020, as Entry No. 13278242, in Book
10948 at Page 2671, in the office of the Recorder of Salt Lake County, Utah, and in any
supplements/amendments thereto.

Together with: (a) The undivided ownership interest in said Condominium Project's Common Areas and
Facilities which is appurtenant to said unit, (the referenced Declaration of Condominium providing for
periodic alteration both in the magnitude of said undivided ownership interest and in the composition of the
Common Areas and Facilities to which said interest relates); (b) The exclusive right to use and enjoy each of
the Limited Common Areas which is appurtenant to said unit, and (c) The non-exclusive right to use and
enjoy the Common Areas and Facilities included in said Condominium Project (as said project may hereafter
be expanded) in accordance with the aforesaid Declaration and Survey Map (as said Declaration and Map
may hereafter be amended or supplemented) and the Utah Condominium Ownership Act.

TAX ID No(s):   33-01-278-010; 33-01-278-009; 33-01-278-005; 33-01-278-006; and 33-01-278-007

Subject to any easements, restrictions and rights of way appearing of record and enforceable in law and subject to
general property taxes for the year 2022 and thereafter.

---

**Special Warranty Deed**                                                                          **Page 1**

Effective as of this __6__ day of January, 2022.

**GRANTOR:**

SARC DRAPER LLC, a Missouri limited liability company

By: Steve Holden
Its: Manager

STATE OF: *Missouri*

COUNTY OF: *Stoddard*

On this __6__ day of January, 2022, personally before me appeared Steve Holden, who proven on the basis of satisfactory evidence is the Manager of SARC DRAPER LLC, a Missouri limited liability company, and that said document was signed by him/her on behalf of said entity by authority of its members and within the authority granted under said entity's articles of organization and/or operating agreement, and acknowledged to me that said limited liability company executed the same.



DIANA M. BARR
My Commission Expires
August 28, 2022
Stoddard County
Commission #14443392

Notary Public
Residing In: *Stoddard County, Missouri*
Commission Expires: *08-28-2022*

---

**Special Warranty Deed**

**Page 2**

D222133588    05/24/2022 02:04 PM    Page: 1 of 6    Fee: $39.00    Submitter: First American Title Insurance Company - NCS S
Electronically Recorded by Tarrant County Clerk in Official Public Records

Case 1:24-cv-00457-DCN  Document 43-2   Filed 11/22/24   Page 14 of 83
MARY LOUISE NICHOLSON
COUNTY CLERK

PREPARED BY:
Millrock Investment Fund 1, LLC

RETURN TO AFTER RECORDING:
Millrock Investment Fund 1, LLC
2100 Pleasant Grove Blvd, Suite 200
Pleasant Grove, UT 84062
NCS-1120102-11-JT

## SPECIAL WARRANTY DEED

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF TARRANT | § | |

**JDZ Enterprises Inc. a Connecticut corporation** (hereinafter "Grantor"), for and in
consideration of the sum of Ten Dollars ($10.00) and other valuable consideration paid to
Grantor by **Lillian Phillips of 6 Oxford Lane, Long Valley, NJ 07853**, as to its **0.2845%**
interest as a tenant in common (hereinafter called "Grantee"), the receipt and sufficiency of
which are hereby acknowledged, does hereby GRANT, SELL, CONVEY, ASSIGN and
DELIVER to Grantee the following:

the tract of land (hereinafter called the "Land") located in Tarrant County, Texas
described in Exhibit A attached hereto and made a part hereof for all purposes, together
with all rights and interests appurtenant thereto, including all of Seller's right, title, and
interest in and to adjacent streets, alleys, rights-of-way, and any adjacent strips or gores of
real estate (the "Land"); all improvements located on the land that are owned by Grantor
(the "Improvements"), and all rights, titles, and interests appurtenant to the Land and
Improvements;

all buildings and other improvements situated on the Land and all fixtures and other
property affixed to the Land or such buildings and improvements (hereinafter, collectively,
called the "Improvements"); and

all and singular the rights and appurtenances pertaining to the Land and
Improvements and any right, title and interest of Grantor in and to adjacent streets, alleys
or rights-of-way, mineral rights, development rights, air rights, riparian rights and
easements belonging or in any way appertaining to the Land and/or the Improvements.

All of the foregoing, being hereinafter, collectively, called (the "Property"), subject to the
encumbrances described in Exhibit B attached hereto and made a part hereof (hereinafter called
the "Permitted Exceptions").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and
appurtenances thereto in anywise belonging unto Grantee, Grantee's successors and assigns,
forever, and Grantor does hereby bind itself and its successors to warrant and forever defend all

and singular the Land and the Improvements unto Grantee, Grantee's successors and assigns against every person whomsoever lawfully claiming, or to claim the same, or any part thereof by, through or under Grantor, but not otherwise, subject, however, to the Permitted Exceptions.

EXCEPT FOR (I) THE REPRESENTATIONS AND WARRANTIES EXPRESSLY SET FORTH IN THOSE CERTAIN PURCHASE AND SALE AGREEMENT DATED FEBRUARY 4, 2022, AS AMENDED, BY AND BETWEEN GRANTOR AND GRANTEE (THE "CONTRACT"), AND (II) ALL EXPRESS AND IMPLIED WARRANTIES CONTAINED HEREIN AND IN ANY OTHER DOCUMENTS EXECUTED AND DELIVERED BY GRANTOR TO GRANTEE IN CONNECTION WITH OR PURSUANT TO THE CONTRACT AT CLOSING AND ALL OTHER CONVEYANCE, TRANSFER AND ASSIGNMENT DOCUMENTS TO BE DELIVERED TO PURCHASER AT THE CLOSING, (COLLECTIVELY THE *"REPRESENTATION AND WARRANTY EXCEPTIONS"*), GRANTOR HAS NOT MADE, AND HEREBY SPECIFICALLY DISCLAIMS, ANY WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, OR CONCERNING (i) THE NATURE AND CONDITION OF THE PROPERTY, INCLUDING, WITHOUT LIMITATION, THE WATER, SOIL AND GEOLOGY, AND THE SUITABILITY THEREOF AND OF THE PROPERTY FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY ELECT TO CONDUCT THEREON; (ii) THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE, RIGHT TO POSSESSION OR USE, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHER MATTER AFFECTING TITLE TO THE PROPERTY, OR (iii) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, ORDINANCES OR REGULATIONS OF ANY GOVERNMENTAL OR OTHER BODY. GRANTEE ACKNOWLEDGES THAT GRANTEE IS RELYING SOLELY ON GRANTEE'S OWN INVESTIGATION OF THE PROPERTY, AND ACCEPTS THE PROPERTY IN ITS CURRENT STATE, AND ACKNOWLEDGES THAT THE CONVEYANCE OF THE PROPERTY TO GRANTEE IS MADE BY GRANTOR ON AN, "AS IS, WHERE IS, AND WITH ALL FAULTS" BASIS. SUBJECT TO AND EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE EXPRESSLY ACKNOWLEDGES THAT, GRANTOR MAKES NO WARRANTY OR REPRESENTATION OF ANY KIND, ORAL OR WRITTEN, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR USE OR PURPOSE, WITH RESPECT TO THE PROPERTY.

EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, SELLER MAKES NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (OR ANY PARCEL IN PROXIMITY THERETO) OF HAZARDOUS SUBSTANCES OR MATERIALS WHICH ARE CATEGORIZED AS HAZARDOUS OR TOXIC UNDER ANY LOCAL, STATE OR FEDERAL LAW, STATUTE, ORDINANCE, RULE OR REGULATION PERTAINING TO ENVIRONMENTAL OR SUBSTANCE REGULATION, CONTAMINATION, CLEANUP OR DISCLOSURE AND SHALL HAVE NO LIABILITY TO GRANTEE THEREFOR. GRANTEE ACKNOWLEDGES THAT GRANTEE'S OPPORTUNITY FOR INSPECTION AND INVESTIGATION OF THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) WAS ADEQUATE TO ENABLE GRANTEE TO MAKE GRANTEE'S OWN DETERMINATION WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) OF SUCH HAZARDOUS SUBSTANCES OR MATERIALS, AND, EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE ACCEPTS THE RISK OF THE PRESENCE OF ANY SUCH SUBSTANCES OR MATERIALS.

IN WITNESS WHEREOF, this Special Warranty Deed is executed by Grantor as of the 20ᵗʰ day of May, 2022.

**GRANTOR:**

**JDZ Enterprises Inc. a Connecticut corporation**

By:_____

Name: Jonathan Zamzok, President

STATE OF ~~UTAH~~ New York    §
                              §
COUNTY OF ~~UTAH~~ WESTCHESTER  §

This instrument was acknowledged before me on the 20ᵀᴴ day of May, 2022, by Jonathan Zamzok, President of JDZ Enterprises Inc. a Connecticut corporation.

_____
NOTARY PUBLIC, STATE OF UTAH

ANGELLA R HENRY
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Westchester County
01HE6031500
MY COMMISSION EXPIRES 10/4/20 25

## Exhibit A
## Legal Description

Lot 10, Block B, of Keller Town Center, an addition to the City of Keller, Tarrant County, Texas, according to the plat thereof recorded in Cabinet A, Slide 11945 of the Plat Records of Tarrant County, Texas.

## Exhibit B
## Permitted Exceptions

a.   Rights of parties in possession.

b.   Rights of tenants in possession under unrecorded leases or rental agreements.

c.   All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges and immunities relating thereto, appearing in the Public Records whether listed in Schedule B or not. There may be leases, grants, exceptions or reservations of mineral interest that are not listed.

d.   The following, all according to plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015:

> 10 foot Utility Easement along the north property line.

> 40 foot Pedestrian & Landscape Easement along the north property line.

> Variable width Water Easement over and across property.

> 24 foot Public Access & Public Utility Easement along the south property line.

e.   Easement executed by Aaron Fradkin, et al, to City of Keller, dated July 15, 1997, filed July 29, 1997, recorded in/under Volume 12849, Page 32, of the Real Property Records of Tarrant County, Texas, and shown on plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

f.   Easement executed by Keller Urban Village, Ltd., to Bestawrous Professional Pyramid, L.L.C., dated May 31, 2005, filed June 8, 2005, recorded in/under Instrument No. D205161932, of the Real Property Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

g.   Terms, conditions and stipulations contained in Development and Reimbursement Agreement executed by and between Keller TC Partners, LLC and IDI-Keller TC, Ltd., dated September 29, 2000, filed October 4, 2000, recorded in/under Volume 14552, Page 127 of the Real Property Records of Tarrant County, Texas.

h.   Terms, conditions and stipulations contained in Reciprocal Access Easement Agreement executed by and between Keller TC Partners, LLC and IDI-Keller TC, Ltd., dated September 29, 2000, filed October 4, 2000, recorded in/under Volume 14552, Page 128 of the Real Property Records of Tarrant County, Texas, and shown on plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

i.    Terms, conditions and stipulations contained in Memorandum of Lease executed by and between SCMOB 1220 Keller Pkwy, LLC and Casus Healthcare, LLC, dated October 5, 2015, filed October 19, 2015, recorded in/under Instrument No. D215237348 of the Real Property Records of Tarrant County, Texas.

j.    Mineral and/or royalty interest, as described in instrument, dated April 17, 1936, filed May 8, 1936, recorded in/under Volume 1297, Page 217 of the Real Property Records of Tarrant County, Texas, reference to said instrument is hereby made for all purposes. Title to said interest not checked subsequent to date of aforesaid instrument.

k.    Mineral and/or royalty interest, as described in instrument, dated August 16, 2007, filed August 22, 2007, recorded in/under Instrument No. D207297109 of the Real Property Records of Tarrant County, Texas, reference to said instrument is hereby made for all purposes. Title to said interest not checked subsequent to date of aforesaid instrument.

l.    Terms, conditions and stipulations contained in Oil, Gas or Mineral Lease, dated September 18, 2008, filed March 6, 2009, recorded in/under Instrument No. D209061519 of the Real Property Records of Tarrant County, Texas. Title to said interest not checked subsequent to date of aforesaid instrument.

m.    Current assessments and/or maintenance charges as set out in instrument recorded in/under Volume 15587, Page 210 and any amendments thereto recorded in the Real Property Records of Tarrant County, Texas.

The restrictions above subordinate the lien of the assessments therein to any bona fide deed of trust, lien or other encumbrance duly recorded prior to the recordation of any lien imposed by the association.

n.    Location of light pole(s), cleanout(s), electric transformer(s), electric pedestal(s), gas meter(s), irrigation control valve(s) and generator(s) inside the herein described property, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

o.    Subject to the rights and claims of and against any and all co-tenants in the Land, including, but not limited to partition, owelty and contributions.

p.    Subject to Tenant in Common Agreement by and between MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company and PATTI FERRELL, as amended, together with all unrecorded agreements by and between co-tenants.

## ★★★
## ★ ★
## ★ OLD REPUBLIC TITLE
## ★ ★
## ★★★

MAIL TAX NOTICE TO GRANTEE:
Mark Harrington
1030 N. Maple Ave.
Toms River, NJ   08755
File Number:   1941482FA-43

**13897085 B: 11309 P: 1945  Total Pages: 2**
**02/23/2022 12:56 PM By: zhook Fees: $40.00**
**SWD- SPECIAL WARRANTY DEED**
**Rashelle Hobbs, Recorder, Salt Lake County, Utah**
**Return To: OLD REPUBLIC TITLE (COMMERCIAL)**
**299 S MAIN STSALT LAKE CITY, UT 841111919**

# SPECIAL WARRANTY DEED

**SARC DRAPER LLC, a Missouri limited liability company**                    GRANTOR

for the sum of TEN DOLLARS and other good and valuable consideration hereby CONVEYS and WARRANTS AGAINST THE ACTS OF GRANTOR ONLY to

**MARK DAVID HARRINGTON, LLC, a New Jersey limited liability company,**        GRANTEE
**as to an undivided 0.7888% interest as a tenant in common**

the following tract of land in SALT LAKE COUNTY, STATE OF UTAH, to-wit:

    Unit 100, 110, 200, 210, 220, contained within the HBA PLAZA AT DRAPER, a Utah Condominium Project as identified in the Record of Survey Map recorded May 22, 2020, as Entry No. 13278243, in Book 2020P of Plats at Page 122, and as further defined and described in the Declaration of Condominium of the HBA PLAZA AT DRAPER CONDOMINIUMS, recorded May 22, 2020, as Entry No. 13278242, in Book 10948 at Page 2671, in the office of the Recorder of Salt Lake County, Utah, and in any supplements/amendments thereto.

    Together with: (a) The undivided ownership interest in said Condominium Project's Common Areas and Facilities which is appurtenant to said unit, (the referenced Declaration of Condominium providing for periodic alteration both in the magnitude of said undivided ownership interest and in the composition of the Common Areas and Facilities to which said interest relates); (b) The exclusive right to use and enjoy each of the Limited Common Areas which is appurtenant to said unit, and (c) The non-exclusive right to use and enjoy the Common Areas and Facilities included in said Condominium Project (as said project may hereafter be expanded) in accordance with the aforesaid Declaration and Survey Map (as said Declaration and Map may hereafter be amended or supplemented) and the Utah Condominium Ownership Act.

    TAX ID No(s):   33-01-278-010; 33-01-278-009; 33-01-278-005; 33-01-278-006; and 33-01-278-007

Subject to any easements, restrictions and rights of way appearing of record and enforceable in law and subject to general property taxes for the year 2022 and thereafter.

Special Warranty Deed                                                          Page 1

Effective as of this _21_ day of February, 2022.

**GRANTOR:**

SARC DRAPER LLC, a Missouri limited liability company

By: Steve Caton
Its: Manager

STATE OF: ILLINOIS

COUNTY OF: WILL

On this _21_ day of February, 2022, personally before me appeared Steve Caton, who proven on the basis of satisfactory evidence is the Manager of SARC DRAPER LLC, a Missouri limited liability company, and that said document was signed by him/her on behalf of said entity by authority of its members and within the authority granted under said entity's articles of organization and/or operating agreement, and acknowledged to me that said limited liability company executed the same.

_____
Notary Public
Residing In:
Commission Expires:  4|1|25

OFFICIAL SEAL
JACQUELINE KONRATH
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires April 1 2025

---

Special Warranty Deed

Page 2

**★★★★ OLD REPUBLIC TITLE**

MAIL TAX NOTICE TO GRANTEE:
Mark Harrington
1030 N. Maple Ave.
Toms River, NJ  08755
File Number:  1941482FA-35

**13897012  B: 11309 P: 1551  Total Pages: 2**
**02/23/2022 12:22 PM By: ndarmiento Fees: $40.00**
**SWD- SPECIAL WARRANTY DEED**
**Rashelle Hobbs, Recorder, Salt Lake County, Utah**
**Return To: OLD REPUBLIC TITLE (COMMERCIAL)**
**299 S MAIN STSALT LAKE CITY, UT 841111919**

# SPECIAL WARRANTY DEED

**SARC DRAPER LLC, a Missouri limited liability company**                    GRANTOR

for the sum of TEN DOLLARS and other good and valuable consideration hereby CONVEYS and WARRANTS AGAINST THE ACTS OF GRANTOR ONLY to

**M HARRINGTON LLC, a New Jersey limited liability company,**                 GRANTEE
**as to an undivided 0.8359% interest as a tenant in common**

the following tract of land in SALT LAKE COUNTY, STATE OF UTAH, to-wit:

> Unit 100, 110, 200, 210, 220, contained within the HBA PLAZA AT DRAPER, a Utah Condominium Project as identified in the Record of Survey Map recorded May 22, 2020, as Entry No. 13278243, in Book 2020P of Plats at Page 122, and as further defined and described in the Declaration of Condominium of the HBA PLAZA AT DRAPER CONDOMINIUMS, recorded May 22, 2020, as Entry No. 13278242, in Book 10948 at Page 2671, in the office of the Recorder of Salt Lake County, Utah, and in any supplements/amendments thereto.

> Together with: (a) The undivided ownership interest in said Condominium Project's Common Areas and Facilities which is appurtenant to said unit, (the referenced Declaration of Condominium providing for periodic alteration both in the magnitude of said undivided ownership interest and in the composition of the Common Areas and Facilities to which said interest relates); (b) The exclusive right to use and enjoy each of the Limited Common Areas which is appurtenant to said unit, and (c) The non-exclusive right to use and enjoy the Common Areas and Facilities included in said Condominium Project (as said project may hereafter be expanded) in accordance with the aforesaid Declaration and Survey Map (as said Declaration and Map may hereafter be amended or supplemented) and the Utah Condominium Ownership Act.

> TAX ID No(s):  33-01-278-010; 33-01-278-009; 33-01-278-005; 33-01-278-006; and 33-01-278-007

Subject to any easements, restrictions and rights of way appearing of record and enforceable in law and subject to general property taxes for the year 2022 and thereafter.

---

Special Warranty Deed                                                                                 Page 1

Effective as of this _22_ day of ~~XXXXXXXXXX~~
~~XXXXXXXXX~~
                      February, 2022.

**GRANTOR:**

SARC DRAPER LLC, a Missouri limited liability company



By: Steve Caton
Its: Manager

STATE OF: ILLINOIS

COUNTY OF: WILL

On this _22nd_ day of December, 2021, personally before me appeared Steve Caton, who proven on the basis of satisfactory evidence is the Manager of SARC DRAPER LLC, a Missouri limited liability company, and that said document was signed by him/her on behalf of said entity by authority of its members and within the authority granted under said entity's articles of organization and/or operating agreement, and acknowledged to me that said limited liability company executed the same.

Notary Public
Residing In: Naperville IL
Commission Expires: 12/07/2024

```
          LIA CATON
        OFFICIAL SEAL
  Notary Public, State of Illinois
     My Commission Expires
        December 07, 2024
```

---

Special Warranty Deed                                                    Page 2

D222089901    04/06/2022 03:47 PM    Page: 1 of 7    Fee: $43.00    Submitter: First American Title Insurance Company - NCS S
Electronically Recorded by Tarrant County Clerk in Official Public Records

MARY LOUISE NICHOLSON
COUNTY CLERK

PREPARED BY:
Millrock Investment Fund 1, LLC

RETURN TO AFTER RECORDING:
M Harrington, LLC
c/o Millrock Investment Fund 1, LLC
2100 Pleasant Grove Blvd, Suite 200
Pleasant Grove, UT 84062
NCS-1120102-2-JT

## SPECIAL WARRANTY DEED

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF TARRANT | § | |

**HAPPINESS, LLC**, a Utah limited liability company (hereinafter "Grantor"), for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration paid to Grantor by **M HARRINGTON, LLC, a New Jersey limited liability company**, as to a 0.8537% interest as a tenant in common (hereinafter called "Grantee"), the receipt and sufficiency of which are hereby acknowledged, does hereby GRANT, SELL, CONVEY, ASSIGN and DELIVER to Grantee the following:

the tract of land (hereinafter called the "Land") located in Tarrant County, Texas described in Exhibit A attached hereto and made a part hereof for all purposes, together with all rights and interests appurtenant thereto, including all of Seller's right, title, and interest in and to adjacent streets, alleys, rights-of-way, and any adjacent strips or gores of real estate (the "Land"); all improvements located on the land that are owned by Grantor (the "Improvements"), and all rights, titles, and interests appurtenant to the Land and Improvements;

all buildings and other improvements situated on the Land and all fixtures and other property affixed to the Land or such buildings and improvements (hereinafter, collectively, called the "Improvements"); and

all and singular the rights and appurtenances pertaining to the Land and Improvements and any right, title and interest of Grantor in and to adjacent streets, alleys or rights-of-way, mineral rights, development rights, air rights, riparian rights and easements belonging or in any way appertaining to the Land and/or the Improvements.

All of the foregoing, being hereinafter, collectively, called (the "Property"), subject to the encumbrances described in Exhibit B attached hereto and made a part hereof (hereinafter called the "Permitted Exceptions").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in anywise belonging unto Grantee, Grantee's successors and assigns, forever, and Grantor does hereby bind itself and its successors to warrant and forever defend all

and singular the Land and the Improvements unto Grantee, Grantee's successors and assigns against every person whomsoever lawfully claiming, or to claim the same, or any part thereof by, through or under Grantor, but not otherwise, subject, however, to the Permitted Exceptions.

EXCEPT FOR (I) THE REPRESENTATIONS AND WARRANTIES EXPRESSLY SET FORTH IN THOSE CERTAIN PURCHASE AND SALE AGREEMENT DATED FEBRUARY 4, 2022, AS AMENDED, BY AND BETWEEN GRANTOR AND GRANTEE (THE "CONTRACT"), AND (II) ALL EXPRESS AND IMPLIED WARRANTIES CONTAINED HEREIN AND IN ANY OTHER DOCUMENTS EXECUTED AND DELIVERED BY GRANTOR TO GRANTEE IN CONNECTION WITH OR PURSUANT TO THE CONTRACT AT CLOSING AND ALL OTHER CONVEYANCE, TRANSFER AND ASSIGNMENT DOCUMENTS TO BE DELIVERED TO PURCHASER AT THE CLOSING, (COLLECTIVELY THE "*REPRESENTATION AND WARRANTY EXCEPTIONS*"), GRANTOR HAS NOT MADE, AND HEREBY SPECIFICALLY DISCLAIMS, ANY WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, OR CONCERNING (i) THE NATURE AND CONDITION OF THE PROPERTY, INCLUDING, WITHOUT LIMITATION, THE WATER, SOIL AND GEOLOGY, AND THE SUITABILITY THEREOF AND OF THE PROPERTY FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY ELECT TO CONDUCT THEREON; (ii) THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE, RIGHT TO POSSESSION OR USE, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHER MATTER AFFECTING TITLE TO THE PROPERTY, OR (iii) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, ORDINANCES OR REGULATIONS OF ANY GOVERNMENTAL OR OTHER BODY.  GRANTEE ACKNOWLEDGES THAT GRANTEE IS RELYING SOLELY ON GRANTEE'S OWN INVESTIGATION OF THE PROPERTY, AND ACCEPTS THE PROPERTY IN ITS CURRENT STATE, AND ACKNOWLEDGES THAT THE CONVEYANCE OF THE PROPERTY TO GRANTEE IS MADE BY GRANTOR ON AN, "AS IS, WHERE IS, AND WITH ALL FAULTS" BASIS.  SUBJECT TO AND EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE EXPRESSLY ACKNOWLEDGES THAT, GRANTOR MAKES NO WARRANTY OR REPRESENTATION OF ANY KIND, ORAL OR WRITTEN, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR USE OR PURPOSE, WITH RESPECT TO THE PROPERTY.

EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, SELLER MAKES NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (OR ANY PARCEL IN PROXIMITY THERETO) OF HAZARDOUS SUBSTANCES OR MATERIALS WHICH ARE CATEGORIZED AS HAZARDOUS OR TOXIC UNDER ANY LOCAL, STATE OR FEDERAL LAW, STATUTE, ORDINANCE, RULE OR REGULATION PERTAINING TO ENVIRONMENTAL OR SUBSTANCE REGULATION, CONTAMINATION, CLEANUP OR DISCLOSURE AND SHALL HAVE NO LIABILITY TO GRANTEE THEREFOR.  GRANTEE ACKNOWLEDGES THAT GRANTEE'S OPPORTUNITY FOR INSPECTION AND INVESTIGATION OF THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) WAS ADEQUATE TO ENABLE GRANTEE TO MAKE GRANTEE'S OWN DETERMINATION WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) OF SUCH HAZARDOUS SUBSTANCES OR MATERIALS, AND, EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE ACCEPTS THE RISK OF THE PRESENCE OF ANY SUCH SUBSTANCES OR MATERIALS.

IN WITNESS WHEREOF, this Special Warranty Deed is executed by Grantor as of the \_\_\_\_ day of April, 2022.

**GRANTOR:**

**HAPPINESS, LLC,**
a Utah limited liability company

By: ABI, LLC, a Utah limited liability company, Manager

By: _____
Name: Garbor Koltai
Title: Manager

STATE OF UTAH            §
                                        §
COUNTY OF UTAH        §

This instrument was acknowledged before me on the \_\_1\_\_ day of April, 2022, by Garbor Koltai, Manager of ABI, LLC, a Utah limited liability company, Manager of HAPPINESS, LLC, a Utah limited liability company on behalf of said limited liability company.

_____
NOTARY PUBLIC, STATE OF UTAH

Notary Public - State of Utah
**FELICIA ANN SAEZ**
Comm. #706371
My Commission Expires
June 16, 2023

D222089901

## Exhibit A
### Legal Description

Lot 10, Block B, of Keller Town Center, an addition to the City of Keller, Tarrant County, Texas, according to the plat thereof recorded in Cabinet A, Slide 11945 of the Plat Records of Tarrant County, Texas.

D222089901

<u>Exhibit B</u>
<u>Permitted Exceptions</u>

2.      Any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments or protrusions, or any overlapping of improvements.

3.      Homestead or community property or survivorship rights, if any, of any spouse of any insured. (Applies to the Owner's Policy only.)

4.      Any titles or rights asserted by anyone, including, but not limited to, persons, the public, corporations, governments or other entities,

        a.      to tidelands, or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs or oceans, or

        b.      to lands beyond the line of the harbor or bulkhead lines as established or changed by any government, or

        c.      to filled-in lands, or artificial islands, or

        d.      to statutory water rights, including riparian rights, or

        e.      to the area extending from the line of mean low tide to the line of vegetation, or the rights of access to that area or easement along and across that area.

5.      Standby fees, taxes and assessments by any taxing authority for the year 2022, and subsequent years; and subsequent taxes and assessments by any taxing authority for prior years due to change in land usage or ownership, but not those taxes or assessments for prior years because of an exemption granted to a previous owner of the property under Section 11.13, Texas Tax Code, or because of improvements not assessed for a previous tax year.  (If Texas Short Form Residential Loan Policy of Title Insurance (T-2R) is issued, that policy will substitute "which become due and payable subsequent to Date of Policy" in lieu of "for the year 2022 and subsequent years.")

10.     The following matters and all terms of the documents creating or offering evidence of the matters (We must insert matters or delete this exception):

a.      All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges, and immunities relating thereto, appearing in the Public Records whether listed in Schedule B or not. There may be leases, grants, exceptions or reservations of mineral interest that are not listed.

b.      All encumbrances, violations, variations, or adverse circumstances affecting Title that would be disclosed by an accurate and complete land survey of the Land, including, without limitation, all visible and apparent easements or uses and all underground easements or uses, the existence of which may arise by unrecorded grant or by use.  (May be amended or deleted upon approval of survey.)

D222089901

c.      Rights, if any, of third parties with respect to any portion of the subject property lying within the boundaries of a public or private road.  (May be amended or deleted upon approval of survey.)

d.      Rights of parties in possession and rights of tenants under any unrecorded leases or rental agreements. (May be amended or deleted upon execution of satisfactory affidavit with respect to parties in possession and tenants at closing.)

e.      The following easements and/or building lines, as shown on plat recorded in Cabinet A, Slide 11945, Plat Records, Tarrant County, Texas:

10 foot Utility Easement along the north property line;

40 foot Pedestrian & Landscape Easement along the north property line;

Variable width Water Easement over and across property;

24 foot Public Access & Public Utility Easement along the south property line.

f.      Easement granted by Aaron Fradkin, et al. to the City of Keller, filed 07/29/1997, recorded in Volume 12849, Page 32, Real Property Records, Tarrant County, Texas.

g.      Easement granted by Keller Urban Village, Ltd. to Bestawrous Professional Pyramid, L.L.C., filed 06/08/2005, recorded in cc# D205161932, Real Property Records, Tarrant County, Texas.

h.      Terms, provisions, conditions, and easements contained in Development and Reimbursement Agreement, filed 10/04/2000, recorded in Volume 14552, Page 127, Real Property Records, Tarrant County, Texas.

i.      Terms, provisions, conditions, and easements contained in Reciprocal Access Easement Agreement, filed 10/04/2000, recorded in Volume 1455, Page 128, Real Property Records, Tarrant County, Texas.

j.      Terms, provisions, and conditions of lease between SCMOB 1220 Keller Pkwy, LLC and Casus Healthcare, LLC, as evidenced by Memorandum of Lease filed 10/19/2015, recorded in cc# D215237348, Real Property Records, Tarrant County, Texas.

k.      Mineral estate and interest in coal, lignite oil, gas and other minerals together with all rights, privileges and immunities thereto described in instrument filed 05/08/1936, recorded in Volume 1297, Page 217, Real Property Records, Tarrant County, Texas. Company makes no representation as to the present ownership of any such interests.

l.      Mineral estate and interest in coal, lignite oil, gas and other minerals together with all rights, privileges and immunities thereto described in instrument filed 08/22/2007, recorded in cc# D207297109, Real Property Records, Tarrant County, Texas. Company makes no representation as to the present ownership of any such interests.

m.      Mineral lease together with all rights, privileges and immunities incident thereto, to DDJET Limited LLP from Keller Urban Village, Ltd described in instrument filed 03/06/2009, recorded in cc# D209061519, Real Property Records, Tarrant County, Texas. Company makes no representation as to the present ownership of any such interests.

D222089901

n.      Subject to Tenant in Common Agreement, as amended, together with all unrecorded agreements by and between co-tenants.

o.      Terms, provisions, conditions, obligations, assessments and liens contained in instrument filed 04/05/2002, recorded in Volume 15587, Page 210, Real Property Records of Tarrant County, Texas.

p.      Terms, provisions, and conditions of Declaration of Covenant filed 11/18/2009 , recorded in cc# D209304188, Real Property Records, Tarrant County, Texas.

Together with and as affected by Notice of Assessment, filed 08/23/2021, recorded in cc# D221243065, Real Property  Records, Tarrant County, Texas.

Case 1:24-cv-00457-DCN    Document 43-2    Filed 11/22/24    Page 31 of 83

MARY LOUISE NICHOLSON
COUNTY CLERK

PREPARED BY:
Millrock Investment Fund 1, LLC

RETURN TO AFTER RECORDING:
Millrock Investment Fund 1, LLC
2100 Pleasant Grove Blvd, Suite 200
Pleasant Grove, UT 84062
NCS-1120102-9-ST

## SPECIAL WARRANTY DEED

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF TARRANT | § | |

**Wasatch Front Commercial Properties LLC**, a Utah limited liability company (hereinafter "Grantor"), for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration paid to Grantor by **Scott M. Corwin and Anna M. Corwin, trustees of the Canyon Tree Revocable Trust, dated February 13, 2015 of 5 Genetti Drive, Pinedale, WY 82941**, as to its **0.9956%** interest as a tenant in common (hereinafter called "Grantee"), the receipt and sufficiency of which are hereby acknowledged, does hereby GRANT, SELL, CONVEY, ASSIGN and DELIVER to Grantee the following:

the tract of land (hereinafter called the "Land") located in Tarrant County, Texas described in Exhibit A attached hereto and made a part hereof for all purposes, together with all rights and interests appurtenant thereto, including all of Seller's right, title, and interest in and to adjacent streets, alleys, rights-of-way, and any adjacent strips or gores of real estate (the "Land"); all improvements located on the land that are owned by Grantor (the "Improvements"), and all rights, titles, and interests appurtenant to the Land and Improvements;

all buildings and other improvements situated on the Land and all fixtures and other property affixed to the Land or such buildings and improvements (hereinafter, collectively, called the "Improvements"); and

all and singular the rights and appurtenances pertaining to the Land and Improvements and any right, title and interest of Grantor in and to adjacent streets, alleys or rights-of-way, mineral rights, development rights, air rights, riparian rights and easements belonging or in any way appertaining to the Land and/or the Improvements.

All of the foregoing, being hereinafter, collectively, called (the "Property"), subject to the encumbrances described in Exhibit B attached hereto and made a part hereof (hereinafter called the "Permitted Exceptions").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in anywise belonging unto Grantee, Grantee's successors and assigns, forever, and Grantor does hereby bind itself and its successors to warrant and forever defend all and singular the Land and the Improvements unto Grantee, Grantee's successors and assigns against every person whomsoever lawfully claiming, or to claim the same, or any part thereof by, through or under Grantor, but not otherwise, subject, however, to the Permitted Exceptions.

EXCEPT FOR (I) THE REPRESENTATIONS AND WARRANTIES EXPRESSLY SET FORTH IN THOSE CERTAIN PURCHASE AND SALE AGREEMENT DATED FEBRUARY 4, 2022, AS AMENDED, BY AND BETWEEN GRANTOR AND GRANTEE (THE "CONTRACT"), AND (II) ALL EXPRESS AND IMPLIED WARRANTIES CONTAINED HEREIN AND IN ANY OTHER DOCUMENTS EXECUTED AND DELIVERED BY GRANTOR TO GRANTEE IN CONNECTION WITH OR PURSUANT TO THE CONTRACT AT CLOSING AND ALL OTHER CONVEYANCE, TRANSFER AND ASSIGNMENT DOCUMENTS TO BE DELIVERED TO PURCHASER AT THE CLOSING, (COLLECTIVELY THE "*REPRESENTATION AND WARRANTY EXCEPTIONS*"), GRANTOR HAS NOT MADE, AND HEREBY SPECIFICALLY DISCLAIMS, ANY WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, OR CONCERNING (i) THE NATURE AND CONDITION OF THE PROPERTY, INCLUDING, WITHOUT LIMITATION, THE WATER, SOIL AND GEOLOGY, AND THE SUITABILITY THEREOF AND OF THE PROPERTY FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY ELECT TO CONDUCT THEREON; (ii) THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE, RIGHT TO POSSESSION OR USE, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHER MATTER AFFECTING TITLE TO THE PROPERTY, OR (iii) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, ORDINANCES OR REGULATIONS OF ANY GOVERNMENTAL OR OTHER BODY. GRANTEE ACKNOWLEDGES THAT GRANTEE IS RELYING SOLELY ON GRANTEE'S OWN INVESTIGATION OF THE PROPERTY, AND ACCEPTS THE PROPERTY IN ITS CURRENT STATE, AND ACKNOWLEDGES THAT THE CONVEYANCE OF THE PROPERTY TO GRANTEE IS MADE BY GRANTOR ON AN, "AS IS, WHERE IS, AND WITH ALL FAULTS" BASIS. SUBJECT TO AND EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE EXPRESSLY ACKNOWLEDGES THAT, GRANTOR MAKES NO WARRANTY OR REPRESENTATION OF ANY KIND, ORAL OR WRITTEN, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR USE OR PURPOSE, WITH RESPECT TO THE PROPERTY.

EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, SELLER MAKES NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (OR ANY PARCEL IN PROXIMITY THERETO) OF HAZARDOUS SUBSTANCES OR MATERIALS WHICH ARE CATEGORIZED AS HAZARDOUS OR TOXIC UNDER ANY LOCAL, STATE OR FEDERAL LAW, STATUTE, ORDINANCE, RULE OR REGULATION PERTAINING TO ENVIRONMENTAL OR SUBSTANCE REGULATION, CONTAMINATION, CLEANUP OR DISCLOSURE AND SHALL HAVE NO LIABILITY TO GRANTEE THEREFOR. GRANTEE ACKNOWLEDGES THAT GRANTEE'S OPPORTUNITY FOR INSPECTION AND INVESTIGATION OF THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) WAS ADEQUATE TO ENABLE GRANTEE TO MAKE GRANTEE'S OWN DETERMINATION WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) OF SUCH HAZARDOUS SUBSTANCES OR MATERIALS, AND, EXCEPT AS

D222132553

PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE ACCEPTS THE RISK OF THE PRESENCE OF ANY SUCH SUBSTANCES OR MATERIALS.

IN WITNESS WHEREOF, this Special Warranty Deed is executed by Grantor as of the ___13 day of April, 2022.

**GRANTOR:**

Wasatch Front Commercial Properties LLC,
a Utah limited liability company

By:_____
Name: Bill Carrigan
Title: Manager

STATE OF UTAH                    §
                                 §
COUNTY OF UTAH                   §

This instrument was acknowledged before me on the _13 day of April, 2022, by Bill Carrigan, the Manager of Wasatch Front Commercial Properties LLC, a Utah limited liability company on behalf of said limited liability company.

_____
NOTARY PUBLIC, STATE OF UTAH

Notary Public - State of Utah
FELICIA ANN SAEZ
Comm. #706371
My Commission Expires
June 16, 2023

D222132553

**Exhibit A**
**Legal Description**

Lot 10, Block B, of Keller Town Center, an addition to the City of Keller, Tarrant County, Texas, according to the plat thereof recorded in Cabinet A, Slide 11945 of the Plat Records of Tarrant County, Texas.

D222132553

**Exhibit B**
**Permitted Exceptions**

a.    Rights of parties in possession.

b.    Rights of tenants in possession under unrecorded leases or rental agreements.

c.    All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges and immunities relating thereto, appearing in the Public Records whether listed in Schedule B or not. There may be leases, grants, exceptions or reservations of mineral interest that are not listed.

d.    The following, all according to plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015:

   10 foot Utility Easement along the north property line.

   40 foot Pedestrian & Landscape Easement along the north property line.

   Variable width Water Easement over and across property.

   24 foot Public Access & Public Utility Easement along the south property line.

e.    Easement executed by Aaron Fradkin, et al, to City of Keller, dated July 15, 1997, filed July 29, 1997, recorded in/under Volume 12849, Page 32, of the Real Property Records of Tarrant County, Texas, and shown on plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

f.    Easement executed by Keller Urban Village, Ltd., to Bestawrous Professional Pyramid, L.L.C., dated May 31, 2005, filed June 8, 2005, recorded in/under Instrument No. D205161932, of the Real Property Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

g.    Terms, conditions and stipulations contained in Development and Reimbursement Agreement executed by and between Keller TC Partners, LLC and IDI-Keller TC, Ltd., dated September 29, 2000, filed October 4, 2000, recorded in/under Volume 14552, Page 127 of the Real Property Records of Tarrant County, Texas.

h.    Terms, conditions and stipulations contained in Reciprocal Access Easement Agreement executed by and between Keller TC Partners, LLC and IDI-Keller TC, Ltd., dated September 29, 2000, filed October 4, 2000, recorded in/under Volume 14552, Page 128 of the Real Property Records of Tarrant County, Texas, and shown on plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

i.  Terms, conditions and stipulations contained in Memorandum of Lease executed by and between SCMOB 1220 Keller Pkwy, LLC and Casus Healthcare, LLC, dated October 5, 2015, filed October 19, 2015, recorded in/under Instrument No. D215237348 of the Real Property Records of Tarrant County, Texas.

j.  Mineral and/or royalty interest, as described in instrument, dated April 17, 1936, filed May 8, 1936, recorded in/under Volume 1297, Page 217 of the Real Property Records of Tarrant County, Texas, reference to said instrument is hereby made for all purposes. Title to said interest not checked subsequent to date of aforesaid instrument.

k.  Mineral and/or royalty interest, as described in instrument, dated August 16, 2007, filed August 22, 2007, recorded in/under Instrument No. D207297109 of the Real Property Records of Tarrant County, Texas, reference to said instrument is hereby made for all purposes. Title to said interest not checked subsequent to date of aforesaid instrument.

l.  Terms, conditions and stipulations contained in Oil, Gas or Mineral Lease, dated September 18, 2008, filed March 6, 2009, recorded in/under Instrument No. D209061519 of the Real Property Records of Tarrant County, Texas. Title to said interest not checked subsequent to date of aforesaid instrument.

m.  Current assessments and/or maintenance charges as set out in instrument recorded in/under Volume 15587, Page 210 and any amendments thereto recorded in the Real Property Records of Tarrant County, Texas.

The restrictions above subordinate the lien of the assessments therein to any bona fide deed of trust, lien or other encumbrance duly recorded prior to the recordation of any lien imposed by the association.

n.  Location of light pole(s), cleanout(s), electric transformer(s), electric pedestal(s), gas meter(s), irrigation control valve(s) and generator(s) inside the herein described property, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

o.  Subject to the rights and claims of and against any and all co-tenants in the Land, including, but not limited to partition, owelty and contributions.

p.  Subject to Tenant in Common Agreement by and between MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company and PATTI FERRELL, as amended, together with all unrecorded agreements by and between co-tenants.

MARY LOUISE NICHOLSON
COUNTY CLERK

PREPARED BY:
Millrock Investment Fund 1, LLC

RETURN TO AFTER RECORDING:
Sophanarith Chea
c/o Millrock Investment Fund 1, LLC
2100 Pleasant Grove Blvd, Suite 200
Pleasant Grove, UT 84062
NCS-1120102-11-JT

## SPECIAL WARRANTY DEED

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF TARRANT | § | |

**HAPPINESS, LLC**, a Utah limited liability company (hereinafter "Grantor"), for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration paid to Grantor by **Lillian Phillips of 6 Oxford Lane, Long Valley, NJ 07853**, as to a **1.4726%** interest as a tenant in common (hereinafter called "Grantee"), the receipt and sufficiency of which are hereby acknowledged, does hereby GRANT, SELL, CONVEY, ASSIGN and DELIVER to Grantee the following:

the tract of land (hereinafter called the "Land") located in Tarrant County, Texas described in Exhibit A attached hereto and made a part hereof for all purposes, together with all rights and interests appurtenant thereto, including all of Seller's right, title, and interest in and to adjacent streets, alleys, rights-of-way, and any adjacent strips or gores of real estate (the "Land"); all improvements located on the land that are owned by Grantor (the "Improvements"), and all rights, titles, and interests appurtenant to the Land and Improvements;

all buildings and other improvements situated on the Land and all fixtures and other property affixed to the Land or such buildings and improvements (hereinafter, collectively, called the "Improvements"); and

all and singular the rights and appurtenances pertaining to the Land and Improvements and any right, title and interest of Grantor in and to adjacent streets, alleys or rights-of-way, mineral rights, development rights, air rights, riparian rights and easements belonging or in any way appertaining to the Land and/or the Improvements.

All of the foregoing, being hereinafter, collectively, called (the "Property"), subject to the encumbrances described in Exhibit B attached hereto and made a part hereof (hereinafter called the "Permitted Exceptions").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in anywise belonging unto Grantee, Grantee's successors and assigns, forever, and Grantor does hereby bind itself and its successors to warrant and forever defend all and singular the Land and the Improvements unto Grantee, Grantee's successors and assigns

against every person whomsoever lawfully claiming, or to claim the same, or any part thereof by, through or under Grantor, but not otherwise, subject, however, to the Permitted Exceptions.

EXCEPT FOR (I) THE REPRESENTATIONS AND WARRANTIES EXPRESSLY SET FORTH IN THOSE CERTAIN PURCHASE AND SALE AGREEMENT DATED FEBRUARY 4, 2022, AS AMENDED, BY AND BETWEEN GRANTOR AND GRANTEE (THE "CONTRACT"), AND (II) ALL EXPRESS AND IMPLIED WARRANTIES CONTAINED HEREIN AND IN ANY OTHER DOCUMENTS EXECUTED AND DELIVERED BY GRANTOR TO GRANTEE IN CONNECTION WITH OR PURSUANT TO THE CONTRACT AT CLOSING AND ALL OTHER CONVEYANCE, TRANSFER AND ASSIGNMENT DOCUMENTS TO BE DELIVERED TO PURCHASER AT THE CLOSING, (COLLECTIVELY THE *"REPRESENTATION AND WARRANTY EXCEPTIONS"*), GRANTOR HAS NOT MADE, AND HEREBY SPECIFICALLY DISCLAIMS, ANY WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, OR CONCERNING (i) THE NATURE AND CONDITION OF THE PROPERTY, INCLUDING, WITHOUT LIMITATION, THE WATER, SOIL AND GEOLOGY, AND THE SUITABILITY THEREOF AND OF THE PROPERTY FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY ELECT TO CONDUCT THEREON; (ii) THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE, RIGHT TO POSSESSION OR USE, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHER MATTER AFFECTING TITLE TO THE PROPERTY, OR (iii) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, ORDINANCES OR REGULATIONS OF ANY GOVERNMENTAL OR OTHER BODY. GRANTEE ACKNOWLEDGES THAT GRANTEE IS RELYING SOLELY ON GRANTEE'S OWN INVESTIGATION OF THE PROPERTY, AND ACCEPTS THE PROPERTY IN ITS CURRENT STATE, AND ACKNOWLEDGES THAT THE CONVEYANCE OF THE PROPERTY TO GRANTEE IS MADE BY GRANTOR ON AN, "AS IS, WHERE IS, AND WITH ALL FAULTS" BASIS. SUBJECT TO AND EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE EXPRESSLY ACKNOWLEDGES THAT, GRANTOR MAKES NO WARRANTY OR REPRESENTATION OF ANY KIND, ORAL OR WRITTEN, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR USE OR PURPOSE, WITH RESPECT TO THE PROPERTY.

EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, SELLER MAKES NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (OR ANY PARCEL IN PROXIMITY THERETO) OF HAZARDOUS SUBSTANCES OR MATERIALS WHICH ARE CATEGORIZED AS HAZARDOUS OR TOXIC UNDER ANY LOCAL, STATE OR FEDERAL LAW, STATUTE, ORDINANCE, RULE OR REGULATION PERTAINING TO ENVIRONMENTAL OR SUBSTANCE REGULATION, CONTAMINATION, CLEANUP OR DISCLOSURE AND SHALL HAVE NO LIABILITY TO GRANTEE THEREFOR. GRANTEE ACKNOWLEDGES THAT GRANTEE'S OPPORTUNITY FOR INSPECTION AND INVESTIGATION OF THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) WAS ADEQUATE TO ENABLE GRANTEE TO MAKE GRANTEE'S OWN DETERMINATION WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) OF SUCH HAZARDOUS SUBSTANCES OR MATERIALS, AND, EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE ACCEPTS THE RISK OF THE PRESENCE OF ANY SUCH SUBSTANCES OR MATERIALS.

IN WITNESS WHEREOF, this Special Warranty Deed is executed by Grantor as of the __19__ day of May, 2022.

**GRANTOR:**

**HAPPINESS, LLC,**
a Utah limited liability company



By:_____
Name: Gabor Koltai
Title: Manager

STATE OF UTAH            §
                        §
COUNTY OF UTAH          §

This instrument was acknowledged before me on the 19 day of May, 2022, by Gabor Koltai, the Manager of HAPPINESS, LLC, a Utah limited liability company on behalf of said limited liability company.

Notary Public - State of Utah
**JAY D. THOMPSON**
Comm. #702244
My Commission Expires
September 17, 2022

_____
NOTARY PUBLIC, STATE OF UTAH

D222133589

**Exhibit A**
**Legal Description**

Lot 10, Block B, of Keller Town Center, an addition to the City of Keller, Tarrant County, Texas, according to the plat thereof recorded in Cabinet A, Slide 11945 of the Plat Records of Tarrant County, Texas.

**Exhibit B**
**Permitted Exceptions**

a.    Rights of parties in possession.

b.    Rights of tenants in possession under unrecorded leases or rental agreements.

c.    All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges and immunities relating thereto, appearing in the Public Records whether listed in Schedule B or not. There may be leases, grants, exceptions or reservations of mineral interest that are not listed.

d.    The following, all according to plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015:

> 10 foot Utility Easement along the north property line.
>
> 40 foot Pedestrian & Landscape Easement along the north property line.
>
> Variable width Water Easement over and across property.
>
> 24 foot Public Access & Public Utility Easement along the south property line.

e.    Easement executed by Aaron Fradkin, et al, to City of Keller, dated July 15, 1997, filed July 29, 1997, recorded in/under Volume 12849, Page 32, of the Real Property Records of Tarrant County, Texas, and shown on plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

f.    Easement executed by Keller Urban Village, Ltd., to Bestawrous Professional Pyramid, L.L.C., dated May 31, 2005, filed June 8, 2005, recorded in/under Instrument No. D205161932, of the Real Property Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

g.    Terms, conditions and stipulations contained in Development and Reimbursement Agreement executed by and between Keller TC Partners, LLC and IDI-Keller TC, Ltd., dated September 29, 2000, filed October 4, 2000, recorded in/under Volume 14552, Page 127 of the Real Property Records of Tarrant County, Texas.

h.    Terms, conditions and stipulations contained in Reciprocal Access Easement Agreement executed by and between Keller TC Partners, LLC and IDI-Keller TC, Ltd., dated September 29, 2000, filed October 4, 2000, recorded in/under Volume 14552, Page 128 of the Real Property Records of Tarrant County, Texas, and shown on plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

i.    Terms, conditions and stipulations contained in Memorandum of Lease executed by and between SCMOB 1220 Keller Pkwy, LLC and Casus Healthcare, LLC, dated October 5, 2015, filed October 19, 2015, recorded in/under Instrument No. D215237348 of the Real Property Records of Tarrant County, Texas.

j.    Mineral and/or royalty interest, as described in instrument, dated April 17, 1936, filed May 8, 1936, recorded in/under Volume 1297, Page 217 of the Real Property Records of Tarrant County, Texas, reference to said instrument is hereby made for all purposes. Title to said interest not checked subsequent to date of aforesaid instrument.

k.    Mineral and/or royalty interest, as described in instrument, dated August 16, 2007, filed August 22, 2007, recorded in/under Instrument No. D207297109 of the Real Property Records of Tarrant County, Texas, reference to said instrument is hereby made for all purposes. Title to said interest not checked subsequent to date of aforesaid instrument.

l.    Terms, conditions and stipulations contained in Oil, Gas or Mineral Lease, dated September 18, 2008, filed March 6, 2009, recorded in/under Instrument No. D209061519 of the Real Property Records of Tarrant County, Texas. Title to said interest not checked subsequent to date of aforesaid instrument.

m.    Current assessments and/or maintenance charges as set out in instrument recorded in/under Volume 15587, Page 210 and any amendments thereto recorded in the Real Property Records of Tarrant County, Texas.

The restrictions above subordinate the lien of the assessments therein to any bona fide deed of trust, lien or other encumbrance duly recorded prior to the recordation of any lien imposed by the association.

n.    Location of light pole(s), cleanout(s), electric transformer(s), electric pedestal(s), gas meter(s), irrigation control valve(s) and generator(s) inside the herein described property, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

o.    Subject to the rights and claims of and against any and all co-tenants in the Land, including, but not limited to partition, owelty and contributions.

p.    Subject to Tenant in Common Agreement by and between MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company and PATTI FERRELL, as amended, together with all unrecorded agreements by and between co-tenants.

D222089907    04/06/2022 03:50 PM    Page: 1 of 7    Fee: $43.00    Submitter: First American Title Insurance Company - NCS
Electronically Recorded by Tarrant County Clerk in Official Public Records    3-2    Filed 11/22/24    Page 43 of 83

MARY LOUISE NICHOLSON
COUNTY CLERK

PREPARED BY:
Millrock Investment Fund 1, LLC

RETURN TO AFTER RECORDING:
Mark David Harrington, LLC
c/o Millrock Investment Fund 1, LLC
2100 Pleasant Grove Blvd, Suite 200
Pleasant Grove, UT 84062
NCS-1120102-S-JT

## SPECIAL WARRANTY DEED

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF TARRANT | § | |

**HAPPINESS, LLC**, a Utah limited liability company (hereinafter "Grantor"), for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration paid to Grantor by **MARK DAVID HARRINGTON, LLC, a New Jersey limited liability company**, as to a 1.1051% interest as a tenant in common (hereinafter called "Grantee"), the receipt and sufficiency of which are hereby acknowledged, does hereby GRANT, SELL, CONVEY, ASSIGN and DELIVER to Grantee the following:

the tract of land (hereinafter called the "Land") located in Tarrant County, Texas described in Exhibit A attached hereto and made a part hereof for all purposes, together with all rights and interests appurtenant thereto, including all of Seller's right, title, and interest in and to adjacent streets, alleys, rights-of-way, and any adjacent strips or gores of real estate (the "Land"); all improvements located on the land that are owned by Grantor (the "Improvements"), and all rights, titles, and interests appurtenant to the Land and Improvements;

all buildings and other improvements situated on the Land and all fixtures and other property affixed to the Land or such buildings and improvements (hereinafter, collectively, called the "Improvements"); and

all and singular the rights and appurtenances pertaining to the Land and Improvements and any right, title and interest of Grantor in and to adjacent streets, alleys or rights-of-way, mineral rights, development rights, air rights, riparian rights and easements belonging or in any way appertaining to the Land and/or the Improvements.

All of the foregoing, being hereinafter, collectively, called (the "Property"), subject to the encumbrances described in Exhibit B attached hereto and made a part hereof (hereinafter called the "Permitted Exceptions").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in anywise belonging unto Grantee, Grantee's successors and assigns, forever, and Grantor does hereby bind itself and its successors to warrant and forever defend all

and singular the Land and the Improvements unto Grantee, Grantee's successors and assigns against every person whomsoever lawfully claiming, or to claim the same, or any part thereof by, through or under Grantor, but not otherwise, subject, however, to the Permitted Exceptions.

EXCEPT FOR (I) THE REPRESENTATIONS AND WARRANTIES EXPRESSLY SET FORTH IN THOSE CERTAIN PURCHASE AND SALE AGREEMENT DATED FEBRUARY 4, 2022, AS AMENDED, BY AND BETWEEN GRANTOR AND GRANTEE (THE "CONTRACT"), AND (II) ALL EXPRESS AND IMPLIED WARRANTIES CONTAINED HEREIN AND IN ANY OTHER DOCUMENTS EXECUTED AND DELIVERED BY GRANTOR TO GRANTEE IN CONNECTION WITH OR PURSUANT TO THE CONTRACT AT CLOSING AND ALL OTHER CONVEYANCE, TRANSFER AND ASSIGNMENT DOCUMENTS TO BE DELIVERED TO PURCHASER AT THE CLOSING, (COLLECTIVELY THE "*REPRESENTATION AND WARRANTY EXCEPTIONS*"), GRANTOR HAS NOT MADE, AND HEREBY SPECIFICALLY DISCLAIMS, ANY WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, OR CONCERNING (i) THE NATURE AND CONDITION OF THE PROPERTY, INCLUDING, WITHOUT LIMITATION, THE WATER, SOIL AND GEOLOGY, AND THE SUITABILITY THEREOF AND OF THE PROPERTY FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY ELECT TO CONDUCT THEREON; (ii) THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE, RIGHT TO POSSESSION OR USE, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHER MATTER AFFECTING TITLE TO THE PROPERTY, OR (iii) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, ORDINANCES OR REGULATIONS OF ANY GOVERNMENTAL OR OTHER BODY. GRANTEE ACKNOWLEDGES THAT GRANTEE IS RELYING SOLELY ON GRANTEE'S OWN INVESTIGATION OF THE PROPERTY, AND ACCEPTS THE PROPERTY IN ITS CURRENT STATE, AND ACKNOWLEDGES THAT THE CONVEYANCE OF THE PROPERTY TO GRANTEE IS MADE BY GRANTOR ON AN, "AS IS, WHERE IS, AND WITH ALL FAULTS" BASIS. SUBJECT TO AND EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE EXPRESSLY ACKNOWLEDGES THAT, GRANTOR MAKES NO WARRANTY OR REPRESENTATION OF ANY KIND, ORAL OR WRITTEN, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR USE OR PURPOSE, WITH RESPECT TO THE PROPERTY.

EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, SELLER MAKES NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (OR ANY PARCEL IN PROXIMITY THERETO) OF HAZARDOUS SUBSTANCES OR MATERIALS WHICH ARE CATEGORIZED AS HAZARDOUS OR TOXIC UNDER ANY LOCAL, STATE OR FEDERAL LAW, STATUTE, ORDINANCE, RULE OR REGULATION PERTAINING TO ENVIRONMENTAL OR SUBSTANCE REGULATION, CONTAMINATION, CLEANUP OR DISCLOSURE AND SHALL HAVE NO LIABILITY TO GRANTEE THEREFOR. GRANTEE ACKNOWLEDGES THAT GRANTEE'S OPPORTUNITY FOR INSPECTION AND INVESTIGATION OF THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) WAS ADEQUATE TO ENABLE GRANTEE TO MAKE GRANTEE'S OWN DETERMINATION WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) OF SUCH HAZARDOUS SUBSTANCES OR MATERIALS, AND, EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE ACCEPTS THE RISK OF THE PRESENCE OF ANY SUCH SUBSTANCES OR MATERIALS.

IN WITNESS WHEREOF, this Special Warranty Deed is executed by Grantor as of the __/__ day of April, 2022.

**GRANTOR:**

**HAPPINESS, LLC,**
a Utah limited liability company

By: ABI, LLC, a Utah limited liability
company, Manager

By:_____
Name: Garbor Koltai
Title: Manager

STATE OF UTAH              §
                                      §
COUNTY OF UTAH          §

This instrument was acknowledged before me on the __1st__ day of April, 2022, by Garbor Koltai, Manager of ABI, LLC, a Utah limited liability company, Manager of HAPPINESS, LLC, a Utah limited liability company on behalf of said limited liability company.

_____
NOTARY PUBLIC, STATE OF UTAH

Notary Public - State of Utah
FELICIA ANN SAEZ
Comm. #706371
My Commission Expires
June 16, 2023

D222089907

**Exhibit A**
**Legal Description**

Lot 10, Block B, of Keller Town Center, an addition to the City of Keller, Tarrant County, Texas, according to the plat thereof recorded in Cabinet A, Slide 11945 of the Plat Records of Tarrant County, Texas.

## Exhibit B
## Permitted Exceptions

2.       Any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments or protrusions, or any overlapping of improvements.

3.       Homestead or community property or survivorship rights, if any, of any spouse of any insured. (Applies to the Owner's Policy only.)

4.       Any titles or rights asserted by anyone, including, but not limited to, persons, the public, corporations, governments or other entities,

       a.       to tidelands, or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs or oceans, or

       b.       to lands beyond the line of the harbor or bulkhead lines as established or changed by any government, or

       c.       to filled-in lands, or artificial islands, or

       d.       to statutory water rights, including riparian rights, or

       e.       to the area extending from the line of mean low tide to the line of vegetation, or the rights of access to that area or easement along and across that area.

5.       Standby fees, taxes and assessments by any taxing authority for the year 2022, and subsequent years; and subsequent taxes and assessments by any taxing authority for prior years due to change in land usage or ownership, but not those taxes or assessments for prior years because of an exemption granted to a previous owner of the property under Section 11.13, Texas Tax Code, or because of improvements not assessed for a previous tax year. (If Texas Short Form Residential Loan Policy of Title Insurance (T-2R) is issued, that policy will substitute "which become due and payable subsequent to Date of Policy" in lieu of "for the year 2022 and subsequent years.")

10.      The following matters and all terms of the documents creating or offering evidence of the matters (We must insert matters or delete this exception):

a.       All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges, and immunities relating thereto, appearing in the Public Records whether listed in Schedule B or not. There may be leases, grants, exceptions or reservations of mineral interest that are not listed.

b.       All encumbrances, violations, variations, or adverse circumstances affecting Title that would be disclosed by an accurate and complete land survey of the Land, including, without limitation, all visible and apparent easements or uses and all underground easements or uses, the existence of which may arise by unrecorded grant or by use. (May be amended or deleted upon approval of survey.)

c.      Rights, if any, of third parties with respect to any portion of the subject property lying within the boundaries of a public or private road.  (May be amended or deleted upon approval of survey.)

d.      Rights of parties in possession and rights of tenants under any unrecorded leases or rental agreements. (May be amended or deleted upon execution of satisfactory affidavit with respect to parties in possession and tenants at closing.)

e.      The following easements and/or building lines, as shown on plat recorded in Cabinet A, Slide 11945, Plat Records, Tarrant County, Texas:

10 foot Utility Easement along the north property line;

40 foot Pedestrian & Landscape Easement along the north property line;

Variable width Water Easement over and across property;

24 foot Public Access & Public Utility Easement along the south property line.

f.      Easement granted by Aaron Fradkin, et al. to the City of Keller, filed 07/29/1997, recorded in Volume 12849, Page 32, Real Property Records, Tarrant County, Texas.

g.      Easement granted by Keller Urban Village, Ltd. to Bestawrous Professional Pyramid, L.L.C., filed 06/08/2005, recorded in cc# D205161932, Real Property Records, Tarrant County, Texas.

h.      Terms, provisions, conditions, and easements contained in Development and Reimbursement Agreement, filed 10/04/2000, recorded in Volume 14552, Page 127, Real Property Records, Tarrant County, Texas.

i.      Terms, provisions, conditions, and easements contained in Reciprocal Access Easement Agreement, filed 10/04/2000, recorded in Volume 1455, Page 128, Real Property Records, Tarrant County, Texas.

j.      Terms, provisions, and conditions of lease between SCMOB 1220 Keller Pkwy, LLC and Casus Healthcare, LLC, as evidenced by Memorandum of Lease filed 10/19/2015, recorded in cc# D215237348, Real Property Records, Tarrant County, Texas.

k.      Mineral estate and interest in coal, lignite oil, gas and other minerals together with all rights, privileges and immunities thereto described in instrument filed 05/08/1936, recorded in Volume 1297, Page 217, Real Property Records, Tarrant County, Texas. Company makes no representation as to the present ownership of any such interests.

l.      Mineral estate and interest in coal, lignite oil, gas and other minerals together with all rights, privileges and immunities thereto described in instrument filed 08/22/2007, recorded in cc# D207297109, Real Property Records, Tarrant County, Texas. Company makes no representation as to the present ownership of any such interests.

m.      Mineral lease together with all rights, privileges and immunities incident thereto, to DDJET Limited LLP from Keller Urban Village, Ltd described in instrument filed 03/06/2009, recorded in cc# D209061519, Real Property Records, Tarrant County, Texas. Company makes no representation as to the present ownership of any such interests.

n.      Subject to Tenant in Common Agreement, as amended, together with all unrecorded agreements by and between co-tenants.

o.      Terms, provisions, conditions, obligations, assessments and liens contained in instrument filed 04/05/2002, recorded in Volume 15587, Page 210, Real Property Records of Tarrant County, Texas.

p.      Terms, provisions, and conditions of Declaration of Covenant filed 11/18/2009 , recorded in cc# D209304188, Real Property Records, Tarrant County, Texas.

Together with and as affected by Notice of Assessment, filed 08/23/2021, recorded in cc# D221243065, Real Property  Records, Tarrant County, Texas.

D222132552    05/23/2022 04:24 PM    Page: 1 of 6    Fee: $39.00    Submitter: First American Title Insurance Company - NCS S
Electronically Recorded by Tarrant County Clerk in Official Public Records

Case 1:24-cv-00457-DCN    Document 43-2    Filed 11/22/24    Page 50 of 83

MARY LOUISE NICHOLSON
COUNTY CLERK

PREPARED BY:
Millrock Investment Fund 1, LLC

RETURN TO AFTER RECORDING:
Millrock Investment Fund 1, LLC
2100 Pleasant Grove Blvd, Suite 200
Pleasant Grove, UT 84062
NCS -1120102-9-JT

## SPECIAL WARRANTY DEED

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF TARRANT | § | |

**J3 Holdings, LLC**, a Utah limited liability company (hereinafter "Grantor"), for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration paid to Grantor by **Scott M. Corwin and Anna M. Corwin, trustees of the Canyon Tree Revocable Trust, dated February 13, 2015**, of 5 Genetti Drive, Pinedale, WY 82741 as to its **1.3477%** interest as a tenant in common (hereinafter called "Grantee"), the receipt and sufficiency of which are hereby acknowledged, does hereby GRANT, SELL, CONVEY, ASSIGN and DELIVER to Grantee the following:

the tract of land (hereinafter called the "Land") located in Tarrant County, Texas described in Exhibit A attached hereto and made a part hereof for all purposes, together with all rights and interests appurtenant thereto, including all of Seller's right, title, and interest in and to adjacent streets, alleys, rights-of-way, and any adjacent strips or gores of real estate (the "Land"); all improvements located on the land that are owned by Grantor (the "Improvements"), and all rights, titles, and interests appurtenant to the Land and Improvements;

all buildings and other improvements situated on the Land and all fixtures and other property affixed to the Land or such buildings and improvements (hereinafter, collectively, called the "Improvements"); and

all and singular the rights and appurtenances pertaining to the Land and Improvements and any right, title and interest of Grantor in and to adjacent streets, alleys or rights-of-way, mineral rights, development rights, air rights, riparian rights and easements belonging or in any way appertaining to the Land and/or the Improvements.

All of the foregoing, being hereinafter, collectively, called (the "Property"), subject to the encumbrances described in Exhibit B attached hereto and made a part hereof (hereinafter called the "Permitted Exceptions").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in anywise belonging unto Grantee, Grantee's successors and assigns,

forever, and Grantor does hereby bind itself and its successors to warrant and forever defend all and singular the Land and the Improvements unto Grantee, Grantee's successors and assigns against every person whomsoever lawfully claiming, or to claim the same, or any part thereof by, through or under Grantor, but not otherwise, subject, however, to the Permitted Exceptions.

EXCEPT FOR (I) THE REPRESENTATIONS AND WARRANTIES EXPRESSLY SET FORTH IN THOSE CERTAIN PURCHASE AND SALE AGREEMENT DATED FEBRUARY 4, 2022, AS AMENDED, BY AND BETWEEN GRANTOR AND GRANTEE (THE "CONTRACT"), AND (II) ALL EXPRESS AND IMPLIED WARRANTIES CONTAINED HEREIN AND IN ANY OTHER DOCUMENTS EXECUTED AND DELIVERED BY GRANTOR TO GRANTEE IN CONNECTION WITH OR PURSUANT TO THE CONTRACT AT CLOSING AND ALL OTHER CONVEYANCE, TRANSFER AND ASSIGNMENT DOCUMENTS TO BE DELIVERED TO PURCHASER AT THE CLOSING, (COLLECTIVELY THE "*REPRESENTATION AND WARRANTY EXCEPTIONS*"), GRANTOR HAS NOT MADE, AND HEREBY SPECIFICALLY DISCLAIMS, ANY WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, OR CONCERNING (i) THE NATURE AND CONDITION OF THE PROPERTY, INCLUDING, WITHOUT LIMITATION, THE WATER, SOIL AND GEOLOGY, AND THE SUITABILITY THEREOF AND OF THE PROPERTY FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY ELECT TO CONDUCT THEREON; (ii) THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE, RIGHT TO POSSESSION OR USE, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHER MATTER AFFECTING TITLE TO THE PROPERTY, OR (iii) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, ORDINANCES OR REGULATIONS OF ANY GOVERNMENTAL OR OTHER BODY.  GRANTEE ACKNOWLEDGES THAT GRANTEE IS RELYING SOLELY ON GRANTEE'S OWN INVESTIGATION OF THE PROPERTY, AND ACCEPTS THE PROPERTY IN ITS CURRENT STATE, AND ACKNOWLEDGES THAT THE CONVEYANCE OF THE PROPERTY TO GRANTEE IS MADE BY GRANTOR ON AN, "AS IS, WHERE IS, AND WITH ALL FAULTS" BASIS.  SUBJECT TO AND EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE EXPRESSLY ACKNOWLEDGES THAT, GRANTOR MAKES NO WARRANTY OR REPRESENTATION OF ANY KIND, ORAL OR WRITTEN, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR USE OR PURPOSE, WITH RESPECT TO THE PROPERTY.

EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, SELLER MAKES NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (OR ANY PARCEL IN PROXIMITY THERETO) OF HAZARDOUS SUBSTANCES OR MATERIALS WHICH ARE CATEGORIZED AS HAZARDOUS OR TOXIC UNDER ANY LOCAL, STATE OR FEDERAL LAW, STATUTE, ORDINANCE, RULE OR REGULATION PERTAINING TO ENVIRONMENTAL OR SUBSTANCE REGULATION, CONTAMINATION, CLEANUP OR DISCLOSURE AND SHALL HAVE NO LIABILITY TO GRANTEE THEREFOR.  GRANTEE ACKNOWLEDGES THAT GRANTEE'S OPPORTUNITY FOR INSPECTION AND INVESTIGATION OF THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) WAS ADEQUATE TO ENABLE GRANTEE TO MAKE GRANTEE'S OWN DETERMINATION WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) OF SUCH HAZARDOUS SUBSTANCES OR MATERIALS, AND, EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE ACCEPTS THE RISK OF THE PRESENCE OF ANY SUCH SUBSTANCES OR MATERIALS.

IN WITNESS WHEREOF, this Special Warranty Deed is executed by Grantor as of the 13 day of April, 2022.

May

**GRANTOR:**

**J3 Holdings, LLC, a Utah limited liability company**

By:_____
Name: John Alcantar
Title: Manager

STATE OF ~~UTAH~~ California §
§
COUNTY OF ~~UTAH~~ Orange §

This instrument was acknowledged before me on the 13 day of ~~April~~ May, 2022, by John Alcantar, the Manager of J3 Holdings, LLC, a Utah limited liability company on behalf of said limited liability company.

_____
NOTARY PUBLIC, STATE OF ~~UTAH~~ California



SYLVIA KELEKIAN
Notary Public - California
Orange County
Commission # 2319055
My Comm. Expires Feb 12, 2024

**Exhibit A**
**Legal Description**

Lot 10, Block B, of Keller Town Center, an addition to the City of Keller, Tarrant County, Texas, according to the plat thereof recorded in Cabinet A, Slide 11945 of the Plat Records of Tarrant County, Texas.

## Exhibit B
## Permitted Exceptions

a.  Rights of parties in possession.

b.  Rights of tenants in possession under unrecorded leases or rental agreements.

c.  All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges and immunities relating thereto, appearing in the Public Records whether listed in Schedule B or not. There may be leases, grants, exceptions or reservations of mineral interest that are not listed.

d.  The following, all according to plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015:

>   10 foot Utility Easement along the north property line.
>
>   40 foot Pedestrian & Landscape Easement along the north property line.
>
>   Variable width Water Easement over and across property.
>
>   24 foot Public Access & Public Utility Easement along the south property line.

e.  Easement executed by Aaron Fradkin, et al, to City of Keller, dated July 15, 1997, filed July 29, 1997, recorded in/under Volume 12849, Page 32, of the Real Property Records of Tarrant County, Texas, and shown on plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

f.  Easement executed by Keller Urban Village, Ltd., to Bestawrous Professional Pyramid, L.L.C., dated May 31, 2005, filed June 8, 2005, recorded in/under Instrument No. D205161932, of the Real Property Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

g.  Terms, conditions and stipulations contained in Development and Reimbursement Agreement executed by and between Keller TC Partners, LLC and IDI-Keller TC, Ltd., dated September 29, 2000, filed October 4, 2000, recorded in/under Volume 14552, Page 127 of the Real Property Records of Tarrant County, Texas.

h.  Terms, conditions and stipulations contained in Reciprocal Access Easement Agreement executed by and between Keller TC Partners, LLC and IDI-Keller TC, Ltd., dated September 29, 2000, filed October 4, 2000, recorded in/under Volume 14552, Page 128 of the Real Property Records of Tarrant County, Texas, and shown on plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

i.    Terms, conditions and stipulations contained in Memorandum of Lease executed by and between SCMOB 1220 Keller Pkwy, LLC and Casus Healthcare, LLC, dated October 5, 2015, filed October 19, 2015, recorded in/under Instrument No. D215237348 of the Real Property Records of Tarrant County, Texas.

j.    Mineral and/or royalty interest, as described in instrument, dated April 17, 1936, filed May 8, 1936, recorded in/under Volume 1297, Page 217 of the Real Property Records of Tarrant County, Texas, reference to said instrument is hereby made for all purposes. Title to said interest not checked subsequent to date of aforesaid instrument.

k.    Mineral and/or royalty interest, as described in instrument, dated August 16, 2007, filed August 22, 2007, recorded in/under Instrument No. D207297109 of the Real Property Records of Tarrant County, Texas, reference to said instrument is hereby made for all purposes. Title to said interest not checked subsequent to date of aforesaid instrument.

l.    Terms, conditions and stipulations contained in Oil, Gas or Mineral Lease, dated September 18, 2008, filed March 6, 2009, recorded in/under Instrument No. D209061519 of the Real Property Records of Tarrant County, Texas. Title to said interest not checked subsequent to date of aforesaid instrument.

m.    Current assessments and/or maintenance charges as set out in instrument recorded in/under Volume 15587, Page 210 and any amendments thereto recorded in the Real Property Records of Tarrant County, Texas.

The restrictions above subordinate the lien of the assessments therein to any bona fide deed of trust, lien or other encumbrance duly recorded prior to the recordation of any lien imposed by the association.

n.    Location of light pole(s), cleanout(s), electric transformer(s), electric pedestal(s), gas meter(s), irrigation control valve(s) and generator(s) inside the herein described property, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

o.    Subject to the rights and claims of and against any and all co-tenants in the Land, including, but not limited to partition, owelty and contributions.

p.    Subject to Tenant in Common Agreement by and between MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company and PATTI FERRELL, as amended, together with all unrecorded agreements by and between co-tenants.

MARY LOUISE NICHOLSON
COUNTY CLERK

PREPARED BY:
Millrock Investment Fund 1, LLC

RETURN TO AFTER RECORDING:
Mark D Harrington, LLC
c/o Millrock Investment Fund 1, LLC
2100 Pleasant Grove Blvd, Suite 200
Pleasant Grove, UT 84062
NCS - 1120102-4-JT

## SPECIAL WARRANTY DEED

| THE STATE OF TEXAS | § | |
|---|---|---|
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF TARRANT | § | |

**HAPPINESS, LLC**, a Utah limited liability company (hereinafter "Grantor"), for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration paid to Grantor by **MARK D HARRINGTON, LLC, a New Jersey limited liability company**, as to a 1.5530% interest as a tenant in common (hereinafter called "Grantee"), the receipt and sufficiency of which are hereby acknowledged, does hereby GRANT, SELL, CONVEY, ASSIGN and DELIVER to Grantee the following:

the tract of land (hereinafter called the "Land") located in Tarrant County, Texas described in Exhibit A attached hereto and made a part hereof for all purposes, together with all rights and interests appurtenant thereto, including all of Seller's right, title, and interest in and to adjacent streets, alleys, rights-of-way, and any adjacent strips or gores of real estate (the "Land"); all improvements located on the land that are owned by Grantor (the "Improvements"), and all rights, titles, and interests appurtenant to the Land and Improvements;

all buildings and other improvements situated on the Land and all fixtures and other property affixed to the Land or such buildings and improvements (hereinafter, collectively, called the "Improvements"); and

all and singular the rights and appurtenances pertaining to the Land and Improvements and any right, title and interest of Grantor in and to adjacent streets, alleys or rights-of-way, mineral rights, development rights, air rights, riparian rights and easements belonging or in any way appertaining to the Land and/or the Improvements.

All of the foregoing, being hereinafter, collectively, called (the "Property"), subject to the encumbrances described in Exhibit B attached hereto and made a part hereof (hereinafter called the "Permitted Exceptions").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in anywise belonging unto Grantee, Grantee's successors and assigns, forever, and Grantor does hereby bind itself and its successors to warrant and forever defend all

and singular the Land and the Improvements unto Grantee, Grantee's successors and assigns against every person whomsoever lawfully claiming, or to claim the same, or any part thereof by, through or under Grantor, but not otherwise, subject, however, to the Permitted Exceptions.

EXCEPT FOR (I) THE REPRESENTATIONS AND WARRANTIES EXPRESSLY SET FORTH IN THOSE CERTAIN PURCHASE AND SALE AGREEMENT DATED FEBRUARY 4, 2022, AS AMENDED, BY AND BETWEEN GRANTOR AND GRANTEE (THE "CONTRACT"), AND (II) ALL EXPRESS AND IMPLIED WARRANTIES CONTAINED HEREIN AND IN ANY OTHER DOCUMENTS EXECUTED AND DELIVERED BY GRANTOR TO GRANTEE IN CONNECTION WITH OR PURSUANT TO THE CONTRACT AT CLOSING AND ALL OTHER CONVEYANCE, TRANSFER AND ASSIGNMENT DOCUMENTS TO BE DELIVERED TO PURCHASER AT THE CLOSING, (COLLECTIVELY THE *"REPRESENTATION AND WARRANTY EXCEPTIONS"*), GRANTOR HAS NOT MADE, AND HEREBY SPECIFICALLY DISCLAIMS, ANY WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, OR CONCERNING (i) THE NATURE AND CONDITION OF THE PROPERTY, INCLUDING, WITHOUT LIMITATION, THE WATER, SOIL AND GEOLOGY, AND THE SUITABILITY THEREOF AND OF THE PROPERTY FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY ELECT TO CONDUCT THEREON; (ii) THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE, RIGHT TO POSSESSION OR USE, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHER MATTER AFFECTING TITLE TO THE PROPERTY, OR (iii) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, ORDINANCES OR REGULATIONS OF ANY GOVERNMENTAL OR OTHER BODY. GRANTEE ACKNOWLEDGES THAT GRANTEE IS RELYING SOLELY ON GRANTEE'S OWN INVESTIGATION OF THE PROPERTY, AND ACCEPTS THE PROPERTY IN ITS CURRENT STATE, AND ACKNOWLEDGES THAT THE CONVEYANCE OF THE PROPERTY TO GRANTEE IS MADE BY GRANTOR ON AN, "AS IS, WHERE IS, AND WITH ALL FAULTS" BASIS. SUBJECT TO AND EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE EXPRESSLY ACKNOWLEDGES THAT, GRANTOR MAKES NO WARRANTY OR REPRESENTATION OF ANY KIND, ORAL OR WRITTEN, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR USE OR PURPOSE, WITH RESPECT TO THE PROPERTY.

EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, SELLER MAKES NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (OR ANY PARCEL IN PROXIMITY THERETO) OF HAZARDOUS SUBSTANCES OR MATERIALS WHICH ARE CATEGORIZED AS HAZARDOUS OR TOXIC UNDER ANY LOCAL, STATE OR FEDERAL LAW, STATUTE, ORDINANCE, RULE OR REGULATION PERTAINING TO ENVIRONMENTAL OR SUBSTANCE REGULATION, CONTAMINATION, CLEANUP OR DISCLOSURE AND SHALL HAVE NO LIABILITY TO GRANTEE THEREFOR. GRANTEE ACKNOWLEDGES THAT GRANTEE'S OPPORTUNITY FOR INSPECTION AND INVESTIGATION OF THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) WAS ADEQUATE TO ENABLE GRANTEE TO MAKE GRANTEE'S OWN DETERMINATION WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) OF SUCH HAZARDOUS SUBSTANCES OR MATERIALS, AND, EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE ACCEPTS THE RISK OF THE PRESENCE OF ANY SUCH SUBSTANCES OR MATERIALS.

D222089921

IN WITNESS WHEREOF, this Special Warranty Deed is executed by Grantor as of the ___ day of April, 2022.

**GRANTOR:**

**HAPPINESS, LLC,**
a Utah limited liability company

By: ABI, LLC, a Utah limited liability company, Manager



By:_____
Name: Garbor Koltai
Title: Manager

STATE OF UTAH          §
                       §
COUNTY OF UTAH         §

This instrument was acknowledged before me on the 1st day of April, 2022, by Garbor Koltai, Manager of ABI, LLC, a Utah limited liability company, Manager of HAPPINESS, LLC, a Utah limited liability company on behalf of said limited liability company.

_____
NOTARY PUBLIC, STATE OF UTAH

Notary Public - State of Utah
**FELICIA ANN SAEZ**
Comm. #706371
My Commission Expires
June 16, 2023

D222089921

**Exhibit A**
**Legal Description**

Lot 10, Block B, of Keller Town Center, an addition to the City of Keller, Tarrant County, Texas, according to the plat thereof recorded in Cabinet A, Slide 11945 of the Plat Records of Tarrant County, Texas.

D222089921

**Exhibit B**
**Permitted Exceptions**

2.      Any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments or protrusions, or any overlapping of improvements.

3.      Homestead or community property or survivorship rights, if any, of any spouse of any insured. (Applies to the Owner's Policy only.)

4.      Any titles or rights asserted by anyone, including, but not limited to, persons, the public, corporations, governments or other entities,

      a.      to tidelands, or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs or oceans, or

      b.      to lands beyond the line of the harbor or bulkhead lines as established or changed by any government, or

      c.      to filled-in lands, or artificial islands, or

      d.      to statutory water rights, including riparian rights, or

      e.      to the area extending from the line of mean low tide to the line of vegetation, or the rights of access to that area or easement along and across that area.

5.      Standby fees, taxes and assessments by any taxing authority for the year 2022, and subsequent years; and subsequent taxes and assessments by any taxing authority for prior years due to change in land usage or ownership, but not those taxes or assessments for prior years because of an exemption granted to a previous owner of the property under Section 11.13, Texas Tax Code, or because of improvements not assessed for a previous tax year.  (If Texas Short Form Residential Loan Policy of Title Insurance (T-2R) is issued, that policy will substitute "which become due and payable subsequent to Date of Policy" in lieu of "for the year 2022 and subsequent years.")

10.     The following matters and all terms of the documents creating or offering evidence of the matters (We must insert matters or delete this exception):

a.      All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges, and immunities relating thereto, appearing in the Public Records whether listed in Schedule B or not. There may be leases, grants, exceptions or reservations of mineral interest that are not listed.

b.      All encumbrances, violations, variations, or adverse circumstances affecting Title that would be disclosed by an accurate and complete land survey of the Land, including, without limitation, all visible and apparent easements or uses and all underground easements or uses, the existence of which may arise by unrecorded grant or by use.  (May be amended or deleted upon approval of survey.)

c.      Rights, if any, of third parties with respect to any portion of the subject property lying within the boundaries of a public or private road.  (May be amended or deleted upon approval of survey.)

d.      Rights of parties in possession and rights of tenants under any unrecorded leases or rental agreements. (May be amended or deleted upon execution of satisfactory affidavit with respect to parties in possession and tenants at closing.)

e.      The following easements and/or building lines, as shown on plat recorded in Cabinet A, Slide 11945, Plat Records, Tarrant County, Texas:

10 foot Utility Easement along the north property line;

40 foot Pedestrian & Landscape Easement along the north property line;

Variable width Water Easement over and across property;

24 foot Public Access & Public Utility Easement along the south property line.

f.      Easement granted by Aaron Fradkin, et al. to the City of Keller, filed 07/29/1997, recorded in Volume 12849, Page 32, Real Property Records, Tarrant County, Texas.

g.      Easement granted by Keller Urban Village, Ltd. to Bestawrous Professional Pyramid, L.L.C., filed 06/08/2005, recorded in cc# D205161932, Real Property Records, Tarrant County, Texas.

h.      Terms, provisions, conditions, and easements contained in Development and Reimbursement Agreement, filed 10/04/2000, recorded in Volume 14552, Page 127, Real Property Records, Tarrant County, Texas.

i.      Terms, provisions, conditions, and easements contained in Reciprocal Access Easement Agreement, filed 10/04/2000, recorded in Volume 1455, Page 128, Real Property Records, Tarrant County, Texas.

j.      Terms, provisions, and conditions of lease between SCMOB 1220 Keller Pkwy, LLC and Casus Healthcare, LLC, as evidenced by Memorandum of Lease filed 10/19/2015, recorded in cc# D215237348, Real Property Records, Tarrant County, Texas.

k.      Mineral estate and interest in coal, lignite oil, gas and other minerals together with all rights, privileges and immunities thereto described in instrument filed 05/08/1936, recorded in Volume 1297, Page 217, Real Property Records, Tarrant County, Texas. Company makes no representation as to the present ownership of any such interests.

l.      Mineral estate and interest in coal, lignite oil, gas and other minerals together with all rights, privileges and immunities thereto described in instrument filed 08/22/2007, recorded in cc# D207297109, Real Property Records, Tarrant County, Texas. Company makes no representation as to the present ownership of any such interests.

m.      Mineral lease together with all rights, privileges and immunities incident thereto, to DDJET Limited LLP from Keller Urban Village, Ltd described in instrument filed 03/06/2009, recorded in cc# D209061519, Real Property Records, Tarrant County, Texas. Company makes no representation as to the present ownership of any such interests.

n.    Subject to Tenant in Common Agreement, as amended, together with all unrecorded agreements by and between co-tenants.

o.    Terms, provisions, conditions, obligations, assessments and liens contained in instrument filed 04/05/2002, recorded in Volume 15587, Page 210, Real Property Records of Tarrant County, Texas.

p.    Terms, provisions, and conditions of Declaration of Covenant filed 11/18/2009 , recorded in cc# D209304188, Real Property Records, Tarrant County, Texas.

Together with and as affected by Notice of Assessment, filed 08/23/2021, recorded in cc# D221243065, Real Property  Records, Tarrant County, Texas.

 **OLD REPUBLIC TITLE**

MAIL TAX NOTICE TO GRANTEE:
Mark Harrington
1030 N. Maple Ave.
Toms River, NJ   08755
File Number:   1941482FA-44

**13897145  B: 11309 P: 2218  Total Pages: 2**
**02/23/2022 01:47 PM By: salvarado Fees: $40.00**
**SWD- SPECIAL WARRANTY DEED**
**Rashelle Hobbs, Recorder, Salt Lake County, Utah**
**Return To: OLD REPUBLIC TITLE (COMMERCIAL)**
**299 S MAIN STSALT LAKE CITY, UT 841111919**

# SPECIAL WARRANTY DEED

**SARC DRAPER LLC, a Missouri limited liability company**                                    GRANTOR

for the sum of TEN DOLLARS and other good and valuable consideration hereby CONVEYS and WARRANTS AGAINST THE ACTS OF GRANTOR ONLY to

**MARK D HARRINGTON LLC, a New Jersey limited liability company,**                     GRANTEE
**as to an undivided 1.7037% interest as a tenant in common**

the following tract of land in SALT LAKE COUNTY, STATE OF UTAH, to-wit:

> Unit 100, 110, 200, 210, 220, contained within the HBA PLAZA AT DRAPER, a Utah Condominium Project as identified in the Record of Survey Map recorded May 22, 2020, as Entry No. 13278243, in Book 2020P of Plats at Page 122, and as further defined and described in the Declaration of Condominium of the HBA PLAZA AT DRAPER CONDOMINIUMS, recorded May 22, 2020, as Entry No. 13278242, in Book 10948 at Page 2671, in the office of the Recorder of Salt Lake County, Utah, and in any supplements/amendments thereto.

> Together with: (a) The undivided ownership interest in said Condominium Project's Common Areas and Facilities which is appurtenant to said unit, (the referenced Declaration of Condominium providing for periodic alteration both in the magnitude of said undivided ownership interest and in the composition of the Common Areas and Facilities to which said interest relates); (b) The exclusive right to use and enjoy each of the Limited Common Areas which is appurtenant to said unit, and (c) The non-exclusive right to use and enjoy the Common Areas and Facilities included in said Condominium Project (as said project may hereafter be expanded) in accordance with the aforesaid Declaration and Survey Map (as said Declaration and Map may hereafter be amended or supplemented) and the Utah Condominium Ownership Act.

> TAX ID No(s):   33-01-278-010; 33-01-278-009; 33-01-278-005; 33-01-278-006; and 33-01-278-007

Subject to any easements, restrictions and rights of way appearing of record and enforceable in law and subject to general property taxes for the year 2022 and thereafter.

---

**Special Warranty Deed**                                                                                        **Page 1**

Effective as of this _21_ day of February, 2022.

**GRANTOR:**

**SARC DRAPER LLC,**
a Missouri limited liability company

By: _____
Steven M. Caton, its Manager

State of Illinois
County of _DuPage_

This instrument was acknowledged before me on February _21st_, 2022 by Steven M. Caton as Manager of SARC DRAPER LLC.

(seal)

_____
signature of notary public

> Official Seal
> Audrey J Budig
> Notary Public State of Illinois
> My Commission Expires 12/30/2023

---

Special Warranty Deed

Page 2

DocId:8003422
Tx:4001811

2022R-01979
03/08/2022 01:56 PM
JEFFERSON COUNTY AR
BARBARA COLLINS, CIRCUIT CLERK
RECORDING FEE        30.00

# WARRANTY DEED

## (Limited Liability Company)

KNOW ALL MEN BY THESE PRESENTS:

THAT **MILLROCK INVESTMENT FUND 1, LLC,** a Utah limited liability company (hereinafter "Grantor"), by and through its authorized Manager, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration in hand paid by **DANA KYLE DEVLIN and HILDA ARLINE DEVLIN**, as to a 2.098% interest as a tenant in common (herein "Grantee"), the receipt of which is hereby acknowledged, does hereby grant, bargain, sell, and convey unto said **DANA KYLE DEVLIN and HILDA ARLINE DEVLIN**, as to a 2.098% interest as a tenant in common, and unto Grantee's successors and assigns forever, the following described land, situate in the County of Jefferson and State of Arkansas, to-wit:

See Exhibit "A" attached hereto and made a part hereof

SUBJECT TO recorded instruments, covenants, rights of way, easements, and all prior mineral reservations and oil and gas leases, if any.

TO HAVE AND TO HOLD the same unto the said Grantee and unto Grantee's successors and assigns forever, with all tenements, appurtenances, and hereditaments thereunto belonging.

AND Grantor hereby covenants with said Grantee that Grantor is lawfully seized of said lands, that the same is unencumbered, and that Grantor will forever warrant and defend the title to the said lands against all claims whatsoever.

IN TESTIMONY WHEREOF, the name of the Grantor is hereunto affixed by its authorized Manager, March, 2022.

MAIL TAX STATEMENTS TO:
MILLROCK INVESTMENT FUND 1, LLC
111 S. Main St, Ste. 2200
Salt Lake City, UT 84111

**GRANTOR:**

**MILLROCK INVESTMENT FUND 1, LLC,**
a Utah limited liability company

By: Kevin Long
Its: Manager

STATE OF: UTAH                          }
                                        }   ss:
COUNTY OF: UTAH                         }

On this day, before undersigned, a Notary Public, duly commissioned, qualified and acting, within and for the said County and State, appeared in person the within named Kevin Long to me personally known, who stated that he is the authorized Manager of MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company, and is duly authorized in said capacity to execute the foregoing instrument for and in the name and behalf of said company, and further stated and acknowledged that he has so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this __3rd__ day of March, 2022.

My Commission Expires:

03-19-2024

Notary Public



BRENT ROLAND SMITH
NOTARY PUBLIC · STATE OF UTAH
COMMISSION# 711179
COMM. EXP. 03-19-2024

## Exhibit A
## Legal Description

Tract I:

Part of the Southeast Quarter (SE1/4) of the Southeast Quarter (SE1/4) of Section 32, Township 6 South, Range 9 West of the 5th P.M., more particularly described as follows:

Commencing at the Southeast corner of said Southeast Quarter (SE1/4) of the Southeast Quarter (SE1/4), thence South 89 degrees 21 minutes 18 seconds West 40.00 feet to the point of beginning; thence North 00 degrees 42 minutes 17 seconds West 340.00 feet; thence South 89 degrees 26 minutes 11 seconds West 440.00 feet; thence South 00 degrees 42 minutes 18 seconds East 340.00 feet to the South line of said Southeast Quarter (SE1/4) of the Southeast Quarter (SE1/4); thence North 89 degrees 34 minutes 26 seconds East 164.54 feet along said South line; thence North 89 degrees 21 minutes 18 seconds East 275.46 feet along said South line to the point of beginning.

Tract II:

Commence at the Southeast corner of said Southeast Quarter (SE1/4) of the Southeast Quarter (SE1/4) of Section 32, Township 6 South, Range 9 West, thence South 89 degrees 20 minutes 45 seconds West along the South line of said Section 315.46 feet to the Northwest corner of Section 4, Township 7 South, Range 9 West, thence South 89 degrees 30 minutes 15 seconds West along said Section 32 South line 164.51 feet to the point of beginning; thence South 89 degrees 30 minutes 15 seconds West along said Section 32 South line 100.00 feet; thence North 00 degrees 46 minutes 10 seconds West 389.77 feet; thence North 89 degrees 22 minutes 10 seconds East 540.00 feet to the West right of way line of Hazel Street; thence South 00 degrees 45 minutes 55 seconds East along said West right of way line 50.00 feet; thence South 89 degrees 22 minutes 10 seconds West 440.00 feet; thence South 00 degrees 46 minutes 15 seconds East 340.00 feet to the point of beginning.

0-L0046026576 atL005



**STATE OF ARKANSAS**
**DEPARTMENT OF FINANCE AND ADMINISTRATION**
**MISCELLANEOUS TAX SECTION**
**P.O. BOX 896, LITTLE ROCK, AR 72203-0896**

# Real Estate Transfer Tax Stamp
Proof of Tax Paid

File Number: JTC-21-7734

| | |
|---|---|
| **Grantee:**<br>**Mailing Address:** | DANA KYLE DEVLIN AND HILDA ARLINE DEVLIN<br>7200 HAZEL ST<br>PINE BLUFF AR 716030000 |
| **Grantor:**<br>**Mailing Address:** | MILLROCK INVESTMENT FUND 1, LLC<br>7200 SOUTH HAZEL ST<br>PINE BLUFF AR 716030000 |

| | |
|---|---|
| **Property Purchase Price:** | $286,468.61 |
| **Tax Amount:** | $947.10 |
| **County:** | JEFFERSON |
| **Date Issued:** | 03/08/2022 |
| **Stamp ID:** | 1338054656 |

I certify under penalty of false swearing that documentary stamps or a documentary symbol in the legally correct amount has been placed on this instrument

Grantee or Agent Name (printed): Ashley Beatty, agent

Grantee or Agent Name (signature): Ashley Beatty, agent    Date: 3·8·22

Address: 7200 South Hazel

City/State/Zip: Pine Bluff, AR 71003

Case 1:24-cv-00457-DCN    Document 43-2

MARY LOUISE NICHOLSON
COUNTY CLERK

PREPARED BY:
Millrock Investment Fund 1, LLC

RETURN TO AFTER RECORDING:
Mark Harrington, LLC
c/o Millrock Investment Fund 1, LLC
2100 Pleasant Grove Blvd, Suite 200
Pleasant Grove, UT 84062
NCS-112016 2-3-JT

## SPECIAL WARRANTY DEED

THE STATE OF TEXAS              §
                               §    KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF TARRANT               §

**HAPPINESS, LLC**, a Utah limited liability company (hereinafter "Grantor"), for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration paid to Grantor by **MARK HARRINGTON, LLC, a New Jersey limited liability company**, as to a 3.1631% interest as a tenant in common (hereinafter called "Grantee"), the receipt and sufficiency of which are hereby acknowledged, does hereby GRANT, SELL, CONVEY, ASSIGN and DELIVER to Grantee the following:

the tract of land (hereinafter called the "Land") located in Tarrant County, Texas described in Exhibit A attached hereto and made a part hereof for all purposes, together with all rights and interests appurtenant thereto, including all of Seller's right, title, and interest in and to adjacent streets, alleys, rights-of-way, and any adjacent strips or gores of real estate (the "Land"); all improvements located on the land that are owned by Grantor (the "Improvements"), and all rights, titles, and interests appurtenant to the Land and Improvements;

all buildings and other improvements situated on the Land and all fixtures and other property affixed to the Land or such buildings and improvements (hereinafter, collectively, called the "Improvements"); and

all and singular the rights and appurtenances pertaining to the Land and Improvements and any right, title and interest of Grantor in and to adjacent streets, alleys or rights-of-way, mineral rights, development rights, air rights, riparian rights and easements belonging or in any way appertaining to the Land and/or the Improvements.

All of the foregoing, being hereinafter, collectively, called (the "Property"), subject to the encumbrances described in Exhibit B attached hereto and made a part hereof (hereinafter called the "Permitted Exceptions").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in anywise belonging unto Grantee, Grantee's successors and assigns, forever, and Grantor does hereby bind itself and its successors to warrant and forever defend all

and singular the Land and the Improvements unto Grantee, Grantee's successors and assigns against every person whomsoever lawfully claiming, or to claim the same, or any part thereof by, through or under Grantor, but not otherwise, subject, however, to the Permitted Exceptions.

EXCEPT FOR (I) THE REPRESENTATIONS AND WARRANTIES EXPRESSLY SET FORTH IN THOSE CERTAIN PURCHASE AND SALE AGREEMENT DATED FEBRUARY 4, 2022, AS AMENDED, BY AND BETWEEN GRANTOR AND GRANTEE (THE "CONTRACT"), AND (II) ALL EXPRESS AND IMPLIED WARRANTIES CONTAINED HEREIN AND IN ANY OTHER DOCUMENTS EXECUTED AND DELIVERED BY GRANTOR TO GRANTEE IN CONNECTION WITH OR PURSUANT TO THE CONTRACT AT CLOSING AND ALL OTHER CONVEYANCE, TRANSFER AND ASSIGNMENT DOCUMENTS TO BE DELIVERED TO PURCHASER AT THE CLOSING, (COLLECTIVELY THE "*REPRESENTATION AND WARRANTY EXCEPTIONS*"), GRANTOR HAS NOT MADE, AND HEREBY SPECIFICALLY DISCLAIMS, ANY WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, OR CONCERNING (i) THE NATURE AND CONDITION OF THE PROPERTY, INCLUDING, WITHOUT LIMITATION, THE WATER, SOIL AND GEOLOGY, AND THE SUITABILITY THEREOF AND OF THE PROPERTY FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY ELECT TO CONDUCT THEREON; (ii) THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE, RIGHT TO POSSESSION OR USE, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHER MATTER AFFECTING TITLE TO THE PROPERTY, OR (iii) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, ORDINANCES OR REGULATIONS OF ANY GOVERNMENTAL OR OTHER BODY.  GRANTEE ACKNOWLEDGES THAT GRANTEE IS RELYING SOLELY ON GRANTEE'S OWN INVESTIGATION OF THE PROPERTY, AND ACCEPTS THE PROPERTY IN ITS CURRENT STATE, AND ACKNOWLEDGES THAT THE CONVEYANCE OF THE PROPERTY TO GRANTEE IS MADE BY GRANTOR ON AN, "AS IS, WHERE IS, AND WITH ALL FAULTS" BASIS.  SUBJECT TO AND EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE EXPRESSLY ACKNOWLEDGES THAT, GRANTOR MAKES NO WARRANTY OR REPRESENTATION OF ANY KIND, ORAL OR WRITTEN, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR USE OR PURPOSE, WITH RESPECT TO THE PROPERTY.

EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, SELLER MAKES NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (OR ANY PARCEL IN PROXIMITY THERETO) OF HAZARDOUS SUBSTANCES OR MATERIALS WHICH ARE CATEGORIZED AS HAZARDOUS OR TOXIC UNDER ANY LOCAL, STATE OR FEDERAL LAW, STATUTE, ORDINANCE, RULE OR REGULATION PERTAINING TO ENVIRONMENTAL OR SUBSTANCE REGULATION, CONTAMINATION, CLEANUP OR DISCLOSURE AND SHALL HAVE NO LIABILITY TO GRANTEE THEREFOR.  GRANTEE ACKNOWLEDGES THAT GRANTEE'S OPPORTUNITY FOR INSPECTION AND INVESTIGATION OF THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) WAS ADEQUATE TO ENABLE GRANTEE TO MAKE GRANTEE'S OWN DETERMINATION WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) OF SUCH HAZARDOUS SUBSTANCES OR MATERIALS, AND, EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE ACCEPTS THE RISK OF THE PRESENCE OF ANY SUCH SUBSTANCES OR MATERIALS.

IN WITNESS WHEREOF, this Special Warranty Deed is executed by Grantor as of the _1_ day of April, 2022.

**GRANTOR:**

**HAPPINESS, LLC,**
a Utah limited liability company

By: ABI, LLC, a Utah limited liability
company, Manager



By:_____
Name: Garbor Koltai
Title: Manager

STATE OF UTAH           §
                                  §
COUNTY OF UTAH        §

This instrument was acknowledged before me on the _1_ day of April, 2022, by Garbor Koltai, Manager of ABI, LLC, a Utah limited liability company, Manager of HAPPINESS, LLC, a Utah limited liability company on behalf of said limited liability company.

NOTARY PUBLIC, STATE OF UTAH

Notary Public - State of Utah
**FELICIA ANN SAEZ**
Comm. #706371
My Commission Expires
June 16, 2023

D222089903

**Exhibit A**
**Legal Description**

Lot 10, Block B, of Keller Town Center, an addition to the City of Keller, Tarrant County, Texas, according to the plat thereof recorded in Cabinet A, Slide 11945 of the Plat Records of Tarrant County, Texas.

## Exhibit B
## Permitted Exceptions

2.      Any discrepancies, conflicts, or shortages in area or boundary lines, or any encroachments or protrusions, or any overlapping of improvements.

3.      Homestead or community property or survivorship rights, if any, of any spouse of any insured. (Applies to the Owner's Policy only.)

4.      Any titles or rights asserted by anyone, including, but not limited to, persons, the public, corporations, governments or other entities,

        a.      to tidelands, or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs or oceans, or

        b.      to lands beyond the line of the harbor or bulkhead lines as established or changed by any government, or

        c.      to filled-in lands, or artificial islands, or

        d.      to statutory water rights, including riparian rights, or

        e.      to the area extending from the line of mean low tide to the line of vegetation, or the rights of access to that area or easement along and across that area.

5.      Standby fees, taxes and assessments by any taxing authority for the year 2022, and subsequent years; and subsequent taxes and assessments by any taxing authority for prior years due to change in land usage or ownership, but not those taxes or assessments for prior years because of an exemption granted to a previous owner of the property under Section 11.13, Texas Tax Code, or because of improvements not assessed for a previous tax year.  (If Texas Short Form Residential Loan Policy of Title Insurance (T-2R) is issued, that policy will substitute "which become due and payable subsequent to Date of Policy" in lieu of "for the year 2022 and subsequent years.")

10.     The following matters and all terms of the documents creating or offering evidence of the matters (We must insert matters or delete this exception):

a.      All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges, and immunities relating thereto, appearing in the Public Records whether listed in Schedule B or not. There may be leases, grants, exceptions or reservations of mineral interest that are not listed.

b.      All encumbrances, violations, variations, or adverse circumstances affecting Title that would be disclosed by an accurate and complete land survey of the Land, including, without limitation, all visible and apparent easements or uses and all underground easements or uses, the existence of which may arise by unrecorded grant or by use.  (May be amended or deleted upon approval of survey.)

c.      Rights, if any, of third parties with respect to any portion of the subject property lying within the boundaries of a public or private road.  (May be amended or deleted upon approval of survey.)

d.      Rights of parties in possession and rights of tenants under any unrecorded leases or rental agreements. (May be amended or deleted upon execution of satisfactory affidavit with respect to parties in possession and tenants at closing.)

e.      The following easements and/or building lines, as shown on plat recorded in Cabinet A, Slide 11945, Plat Records, Tarrant County, Texas:

10 foot Utility Easement along the north property line;

40 foot Pedestrian & Landscape Easement along the north property line;

Variable width Water Easement over and across property;

24 foot Public Access & Public Utility Easement along the south property line.

f.      Easement granted by Aaron Fradkin, et al. to the City of Keller, filed 07/29/1997, recorded in Volume 12849, Page 32, Real Property Records, Tarrant County, Texas.

g.      Easement granted by Keller Urban Village, Ltd. to Bestawrous Professional Pyramid, L.L.C., filed 06/08/2005, recorded in cc# D205161932, Real Property Records, Tarrant County, Texas.

h.      Terms, provisions, conditions, and easements contained in Development and Reimbursement Agreement, filed 10/04/2000, recorded in Volume 14552, Page 127, Real Property Records, Tarrant County, Texas.

i.      Terms, provisions, conditions, and easements contained in Reciprocal Access Easement Agreement, filed 10/04/2000, recorded in Volume 1455, Page 128, Real Property Records, Tarrant County, Texas.

j.      Terms, provisions, and conditions of lease between SCMOB 1220 Keller Pkwy, LLC and Casus Healthcare, LLC, as evidenced by Memorandum of Lease filed 10/19/2015, recorded in cc# D215237348, Real Property Records, Tarrant County, Texas.

k.      Mineral estate and interest in coal, lignite oil, gas and other minerals together with all rights, privileges and immunities thereto described in instrument filed 05/08/1936, recorded in Volume 1297, Page 217, Real Property Records, Tarrant County, Texas. Company makes no representation as to the present ownership of any such interests.

l.      Mineral estate and interest in coal, lignite oil, gas and other minerals together with all rights, privileges and immunities thereto described in instrument filed 08/22/2007, recorded in cc# D207297109, Real Property Records, Tarrant County, Texas. Company makes no representation as to the present ownership of any such interests.

m.      Mineral lease together with all rights, privileges and immunities incident thereto, to DDJET Limited LLP from Keller Urban Village, Ltd described in instrument filed 03/06/2009, recorded in cc# D209061519, Real Property Records, Tarrant County, Texas. Company makes no representation as to the present ownership of any such interests.

D222089903

n.      Subject to Tenant in Common Agreement, as amended, together with all unrecorded agreements by and between co-tenants.

o.      Terms, provisions, conditions, obligations, assessments and liens contained in instrument filed 04/05/2002, recorded in Volume 15587, Page 210, Real Property Records of Tarrant County, Texas.

p.      Terms, provisions, and conditions of Declaration of Covenant filed 11/18/2009 , recorded in cc# D209304188, Real Property Records, Tarrant County, Texas.

Together with and as affected by Notice of Assessment, filed 08/23/2021, recorded in cc# D221243065, Real Property Records, Tarrant County, Texas.



**OLD REPUBLIC TITLE**

ENT**66995:2022**  PG 1 of 2
**Andrea Allen**
**Utah County Recorder**
2022 Jun 03 01:42 PM FEE 40.00 BY AR
RECORDED FOR Old Republic Title (Commercial)
ELECTRONICALLY RECORDED

MAIL TAX NOTICE TO GRANTEE:
c/o MILLROCK INVESTMENT FUND 1, LLC
2100 Pleasant Grove Blvd., Ste. 200 275
Pleasant Grove, UT  84062
File Number:  1933841FA-4

# SPECIAL WARRANTY DEED

**MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company**          GRANTOR

for the sum of TEN DOLLARS and other good and valuable consideration hereby CONVEYS and WARRANTS against the acts of Grantor Only to

**DANA KYLE DEVLIN and HILDA ARLINE DEVLIN,**          GRANTEE
**as to an undivided 3.1273% interest as a tenant in common**

the following tract of land in Utah County, State of Utah, to-wit:

> Lot 5, Plat "A", MAYFIELD SUBDIVISION, Pleasant Grove, Utah, according to the
> Official plat thereof on file and of record in the office of the Utah County Recorder, Utah.
>
> A.P.N.:  46-708-0005

Subject to any easements, restrictions and rights of way appearing of record and enforceable in law and subject to general property taxes for the year 2022 and thereafter.

---

Special Warranty Deed                                                                                          Page 1

Effective as of this _2ⁿᵈ_ day of June, 2022.

GRANTOR:

MILLROCK INVESTMENT FUND 1, LLC,
a Utah limited liability company

By: Brent Smith
Its: Authorized Agent


STATE OF: UTAH

COUNTY OF: UTAH

On this _2nd_ day of June, 2022, personally before me appeared Brent Smith, who proven on the basis of satisfactory evidence is the Authorized Agent of MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company, and that said document was signed by him/her on behalf of said entity by authority of its members and within the authority granted under said entity's articles of organization and/or operating agreement, and acknowledged to me that said limited liability company executed the same.

Notary Public
Residing In: UTAH
Commission Expires: 12|19|2024

JAMIE JANECE ANDERSON
Notary Public - State of Utah
Comm. No. 715828
My Commission Expires on
Dec 19, 2024

Special Warranty Deed                                                                    Page 2



I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit:
https://tarrant.tx.publicsearch.us/verifycert/zRJXe7U7

**Mary Louise Nicholson**
**Tarrant County Clerk**

Digitally signed by: Mary Louise Nicholson
Date: Jun 16, 2023 04:05 PM -05:00

D222000262    01/03/2022 09:13 AM    Page: 1 of 6    Fee: $39.00    Submitter: Old Republic Title (Commercial)
Electronically Recorded by Tarrant County Clerk in Official Public Records

MARY LOUISE NICHOLSON
COUNTY CLERK

PREPARED BY:
Millrock Investment Fund 1, LLC

RETURN TO AFTER RECORDING:
Dana Kyle Devlin and Hilda Arline Devlin
c/o Millrock Investment Fund 1, LLC
2100 Pleasant Grove Blvd, Suite 200
Pleasant Grove, UT 84062

## SPECIAL WARRANTY DEED

| | |
|---|---|
| THE STATE OF TEXAS § | |
| § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF TARRANT § | |

**MILLROCK INVESTMENT FUND 1, LLC**, a Utah limited liability company (hereinafter "Grantor"), for and in consideration of the sum of Ten Dollars ($10.00) and other valuable consideration paid to Grantor by **DANA KYLE DEVLIN and HILDA ARLINE DEVLIN**, as to a 12.8233% interest as a tenant in common (hereinafter called "Grantee"), the receipt and sufficiency of which are hereby acknowledged, does hereby GRANT, SELL, CONVEY, ASSIGN and DELIVER to Grantee the following:

the tract of land (hereinafter called the "Land") located in Tarrant County, Texas described in Exhibit A attached hereto and made a part hereof for all purposes, together with all rights and interests appurtenant thereto, including all of Seller's right, title, and interest in and to adjacent streets, alleys, rights-of-way, and any adjacent strips or gores of real estate (the "Land"); all improvements located on the land that are owned by Grantor (the "Improvements"), and all rights, titles, and interests appurtenant to the Land and Improvements;

all buildings and other improvements situated on the Land and all fixtures and other property affixed to the Land or such buildings and improvements (hereinafter, collectively, called the "Improvements"); and

all and singular the rights and appurtenances pertaining to the Land and Improvements and any right, title and interest of Grantor in and to adjacent streets, alleys or rights-of-way, mineral rights, development rights, air rights, riparian rights and easements belonging or in any way appertaining to the Land and/or the Improvements.

All of the foregoing, being hereinafter, collectively, called (the "Property"), subject to the encumbrances described in Exhibit B attached hereto and made a part hereof (hereinafter called the "Permitted Exceptions").

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto in anywise belonging unto Grantee, Grantee's successors and assigns, forever, and Grantor does hereby bind itself and its successors to warrant and forever defend all

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit:
https://tarrant.tx.publicsearch.us/verifycert/zRJXe7U7



**Mary Louise Nicholson**
**Tarrant County Clerk**

Digitally signed by: Mary Louise Nicholson
Date: Jun 16, 2023 04:05 PM -05:00

D222000262                                                                                      **Page 2 of 6**

and singular the Land and the Improvements unto Grantee, Grantee's successors and assigns against every person whomsoever lawfully claiming, or to claim the same, or any part thereof by, through or under Grantor, but not otherwise, subject, however, to the Permitted Exceptions.

EXCEPT FOR (I) THE REPRESENTATIONS AND WARRANTIES EXPRESSLY SET FORTH IN THAT CERTAIN PURCHASE AND SALE AGREEMENT DATED NOVEMBER 3, 2021, AS AMENDED, BY AND BETWEEN GRANTOR AND GRANTEE (THE "CONTRACT"), AND (II) ALL EXPRESS AND IMPLIED WARRANTIES CONTAINED HEREIN AND IN ANY OTHER DOCUMENTS EXECUTED AND DELIVERED BY GRANTOR TO GRANTEE IN CONNECTION WITH OR PURSUANT TO THE CONTRACT AT CLOSING AND ALL OTHER CONVEYANCE, TRANSFER AND ASSIGNMENT DOCUMENTS TO BE DELIVERED TO PURCHASER AT THE CLOSING, (COLLECTIVELY THE "*REPRESENTATION AND WARRANTY EXCEPTIONS*"), GRANTOR HAS NOT MADE, AND HEREBY SPECIFICALLY DISCLAIMS, ANY WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, OR CONCERNING (i) THE NATURE AND CONDITION OF THE PROPERTY, INCLUDING, WITHOUT LIMITATION, THE WATER, SOIL AND GEOLOGY, AND THE SUITABILITY THEREOF AND OF THE PROPERTY FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY ELECT TO CONDUCT THEREON; (ii) THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE, RIGHT TO POSSESSION OR USE, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION OR OTHER MATTER AFFECTING TITLE TO THE PROPERTY, OR (iii) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, ORDINANCES OR REGULATIONS OF ANY GOVERNMENTAL OR OTHER BODY. GRANTEE ACKNOWLEDGES THAT GRANTEE IS RELYING SOLELY ON GRANTEE'S OWN INVESTIGATION OF THE PROPERTY, AND ACCEPTS THE PROPERTY IN ITS CURRENT STATE, AND ACKNOWLEDGES THAT THE CONVEYANCE OF THE PROPERTY TO GRANTEE IS MADE BY GRANTOR ON AN, "AS IS, WHERE IS, AND WITH ALL FAULTS" BASIS. SUBJECT TO AND EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE EXPRESSLY ACKNOWLEDGES THAT, GRANTOR MAKES NO WARRANTY OR REPRESENTATION OF ANY KIND, ORAL OR WRITTEN, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT NOT LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR USE OR PURPOSE, WITH RESPECT TO THE PROPERTY.

EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, SELLER MAKES NO REPRESENTATION OR WARRANTY WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (OR ANY PARCEL IN PROXIMITY THERETO) OF HAZARDOUS SUBSTANCES OR MATERIALS WHICH ARE CATEGORIZED AS HAZARDOUS OR TOXIC UNDER ANY LOCAL, STATE OR FEDERAL LAW, STATUTE, ORDINANCE, RULE OR REGULATION PERTAINING TO ENVIRONMENTAL OR SUBSTANCE REGULATION, CONTAMINATION, CLEANUP OR DISCLOSURE AND SHALL HAVE NO LIABILITY TO GRANTEE THEREFOR. GRANTEE ACKNOWLEDGES THAT GRANTEE'S OPPORTUNITY FOR INSPECTION AND INVESTIGATION OF THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) WAS ADEQUATE TO ENABLE GRANTEE TO MAKE GRANTEE'S OWN DETERMINATION WITH RESPECT TO THE PRESENCE ON OR BENEATH THE PROPERTY (AND OTHER PARCELS IN PROXIMITY THERETO) OF SUCH HAZARDOUS SUBSTANCES OR MATERIALS, AND, EXCEPT AS PROVIDED IN THE REPRESENTATION AND WARRANTY EXCEPTIONS, GRANTEE ACCEPTS THE RISK OF THE PRESENCE OF ANY SUCH SUBSTANCES OR MATERIALS.

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/zRJXe7U7

**Mary Louise Nicholson**
**Tarrant County Clerk**

Digitally signed by: Mary Louise Nicholson
Date: Jun 16, 2023 04:05 PM -05:00

D222000262                                                    **Page 3 of 6**

IN WITNESS WHEREOF, this Special Warranty Deed is executed by Grantor as of the 30 day of December, 2021.

**GRANTOR:**

**MILLROCK INVESTMENT FUND 1, LLC,**
a Utah limited liability company

By: _____
Name: Kevin Long
Title: Manager

STATE OF UTAH            §
                         §
COUNTY OF SALT LAKE      §

This instrument was acknowledged before me on the 30 day of December, 2021, by Kevin Long, as Manager of MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company on behalf of said limited liability company.

_____
NOTARY PUBLIC, STATE OF UTAH

FOREST EDWARD ANTHONY
NOTARY PUBLIC • STATE OF UTAH
My Commission Expires April 5, 2022
COMMISSION NUMBER 699868

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit:
https://tarrant.tx.publicsearch.us/verifycert/zRJXe7U7

**Mary Louise Nicholson**
**Tarrant County Clerk**



Digitally signed by: Mary Louise Nicholson
Date: Jun 16, 2023 04:05 PM -05:00

D222000262                                                                  Page 4 of 6

## Exhibit A
## Legal Description

Lot 10, Block B, of Keller Town Center, an addition to the City of Keller, Tarrant County, Texas, according to the plat thereof recorded in Cabinet A, Slide 11945 of the Plat Records of Tarrant County, Texas.

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit: https://tarrant.tx.publicsearch.us/verifycert/zRJXe7U7

**Mary Louise Nicholson**
**Tarrant County Clerk**

Digitally signed by: Mary Louise Nicholson
Date: Jun 16, 2023 04:05 PM -05:00

D222000262                                                    **Page 5 of 6**

## Exhibit B
## Permitted Exceptions

a.  Rights of parties in possession.

b.  Rights of tenants in possession under unrecorded leases or rental agreements.

c.  All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges and immunities relating thereto, appearing in the Public Records whether listed in Schedule B or not. There may be leases, grants, exceptions or reservations of mineral interest that are not listed.

d.  The following, all according to plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015:

   10 foot Utility Easement along the north property line.

   40 foot Pedestrian & Landscape Easement along the north property line.

   Variable width Water Easement over and across property.

   24 foot Public Access & Public Utility Easement along the south property line.

e.  Easement executed by Aaron Fradkin, et al, to City of Keller, dated July 15, 1997, filed July 29, 1997, recorded in/under Volume 12849, Page 32, of the Real Property Records of Tarrant County, Texas, and shown on plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

f.  Easement executed by Keller Urban Village, Ltd., to Bestawrous Professional Pyramid, L.L.C., dated May 31, 2005, filed June 8, 2005, recorded in/under Instrument No. D205161932, of the Real Property Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

g.  Terms, conditions and stipulations contained in Development and Reimbursement Agreement executed by and between Keller TC Partners, LLC and IDI-Keller TC, Ltd., dated September 29, 2000, filed October 4, 2000, recorded in/under Volume 14552, Page 127 of the Real Property Records of Tarrant County, Texas.

h.  Terms, conditions and stipulations contained in Reciprocal Access Easement Agreement executed by and between Keller TC Partners, LLC and IDI-Keller TC, Ltd., dated September 29, 2000, filed October 4, 2000, recorded in/under Volume 14552, Page 128 of the Real Property Records of Tarrant County, Texas, and shown on plat recorded in Cabinet A, Slide 11945, of the Plat Records of Tarrant County, Texas, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Tarrant County, Texas.

To verify the authenticity of this copy, capture the QR code or visit:
https://tarrant.tx.publicsearch.us/verifycert/zRJXe7U7

**Mary Louise Nicholson**
**Tarrant County Clerk**

Digitally signed by: Mary Louise Nicholson
Date: Jun 16, 2023 04:05 PM -05:00



D222000262                                                                                    **Page 6 of 6**

i.      Terms, conditions and stipulations contained in Memorandum of Lease executed by and between SCMOB 1220 Keller Pkwy, LLC and Casus Healthcare, LLC, dated October 5, 2015, filed October 19, 2015, recorded in/under Instrument No. D215237348 of the Real Property Records of Tarrant County, Texas.

j.      Mineral and/or royalty interest, as described in instrument, dated April 17, 1936, filed May 8, 1936, recorded in/under Volume 1297, Page 217 of the Real Property Records of Tarrant County, Texas, reference to said instrument is hereby made for all purposes. Title to said interest not checked subsequent to date of aforesaid instrument.

k.      Mineral and/or royalty interest, as described in instrument, dated August 16, 2007, filed August 22, 2007, recorded in/under Instrument No. D207297109 of the Real Property Records of Tarrant County, Texas, reference to said instrument is hereby made for all purposes. Title to said interest not checked subsequent to date of aforesaid instrument.

l.      Terms, conditions and stipulations contained in Oil, Gas or Mineral Lease, dated September 18, 2008, filed March 6, 2009, recorded in/under Instrument No. D209061519 of the Real Property Records of Tarrant County, Texas. Title to said interest not checked subsequent to date of aforesaid instrument.

m.      Current assessments and/or maintenance charges as set out in instrument recorded in/under Volume 15587, Page 210 and any amendments thereto recorded in the Real Property Records of Tarrant County, Texas.

The restrictions above subordinate the lien of the assessments therein to any bona fide deed of trust, lien or other encumbrance duly recorded prior to the recordation of any lien imposed by the association.

n.      Location of light pole(s), cleanout(s), electric transformer(s), electric pedestal(s), gas meter(s), irrigation control valve(s) and generator(s) inside the herein described property, as shown on survey prepared by Gary E. Johnson, RPLS 5299, dated June 16, 2015.

o.      Subject to the rights and claims of and against any and all co-tenants in the Land, including, but not limited to partition, owelty and contributions.

p.      Subject to Tenant in Common Agreement by and between MILLROCK INVESTMENT FUND 1, LLC, a Utah limited liability company and WILSON REAL ESTATE MANAGEMENT, LLC, a Washington limited liability company, as amended, together with all unrecorded agreements by and between co-tenants.