Jeffery A. Balls (12427) (jballs@parrbrown.com)
Bentley J. Tolk (admitted pro hac vice) (btolk@parrbrown.com)
Rodger M. Burge (admitted pro hac vice) (rburge@parrbrown.com)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah  84111
Telephone: (801) 532-7840

*Attorneys for Kevin Long*

---

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANA KYLE DEVLIN, an individual; HILDA ARLINE DEVLIN, an individual; ESTATE OF LILLIAN PHILLIPS, BY NANCY MULICK, PERSONAL REPRESENTATIVE, an individual; SCOTT CORWIN, an individual; ANNA CORWIN, an individual; CANYON TREE REVOCABLE TRUST DATED FEB. 13, 2015, SCOTT M. CORWIN AND ANNA M. CORWIN, TRUSTEES, a Wyoming trust; MARK D. HARRINGTON, an individual; MARK D. HARRINGTON LLC, a New Jersey limited liability company; MARK DAVID HARRINGTON LLC, a New Jersey limited liability company; MARK HARRINGTON LLC, a New Jersey limited liability company; and M. HARRINGTON LLC, a New Jersey limited liability company, | RESPONSE IN OPPOSITION TO COLLIERS INTERNATIONAL'S RESPONSE AND REQUEST TO RECONSIDER MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT MILLCREEK COMMERCIAL PROPERTIES, LLC (ECF No. 87) |
| Plaintiffs, v. | |
| COLLIERS INTERNATIONAL GROUP, INC., a Canadian corporation; MILLCREEK COMMERCIAL PROPERTIES, LLC, a Utah limited liability company; KEVIN LONG, an individual; BRENT SMITH, an individual; ANDREW BELL, an individual; CONNIE L. GREENAWALT, an individual; EASTERN STARKER 1031 EXCHANGE LLC, a Pennsylvania limited liability company; | Civil No. 1:24-cv-00457-DCN

District Judge David C. Nye |

| SCOTT RUTHERFORD, an individual; ELEVATED 1031 EXCHANGE; RENEE RAYMES, an individual; COMMERCIAL BROKER CONNECT REAL ESTATE CORP, an Idaho corporation; MARY STREET, an individual; CAMS REALTY, LLC, a Utah limited liability company; and DOES 1-10, inclusive; | |
|---|---|
| Defendants. | |

Undersigned counsel files this Response in Opposition to Colliers International's Response and Request to Reconsider Motion to Withdraw as Counsel for Defendant Millcreek Commercial Properties, LLC.

<u>ARGUMENT</u>

Defendant Colliers International Group, Inc. ("Colliers") asks this Court to reconsider its Order (ECF No. 82) (the "Order") granting undersigned counsel's motion for leave to withdraw from representing Millcreek Commercial Properties, LLC ("Millcreek").  (*See* ECF No. 87 (the "Request").)  The Request is improper because it asks this Court for a court order through a response to a motion instead of through a motion.  *See* Fed. R. Civ. P. 7 (stating a "request for a court order must be made by motion").  The Court may deny the Request for that reason alone.  Even if the Court were to consider the substance of the Request, however, the Request should still be denied because (i) the Request fails to establish grounds for reconsidering the Order, (ii) the Motion to withdraw, ECF No. 77, meets the local rule's requirements and is proper in this case, and (iii) the Request fails to make any proper or relevant arguments against withdrawal.

I.    <u>The Request Fails to Show Grounds for Reconsideration</u>.

Under Rule 60, a party may seek relief from a court order only by showing (1) mistake, surprise or excusable neglect, (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5)

a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief. *See* Fed. R. Civ. P. 60(b). Motions to reconsider, however, are "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Ashley Creek Properties, LLC v. Timchak*, 649 F. Supp. 2d 1171, 1180–81 (D. Idaho 2009), aff'd sub nom. *Ashley Creek Properties, L.L.C. v. Larson*, 403 F. App'x 273 (9th Cir. 2010).

The Request fails to establish any proper basis for reconsidering the Order. Indeed, the Request does not even attempt to argue newly discovered evidence, fraud, or any other ground for relief under rule 60. Instead, the Request essentially argues that the Court should reconsider the Order because Colliers believes the Court got it wrong in its Order granting undersigned counsel's Motion to Withdraw. But motions to reconsider are not meant "to give an unhappy litigant one additional chance to sway the judge." *Sims v. Ellis*, 972 F. Supp. 2d 1211, 1213 (D. Idaho 2013), aff'd, 668 F. App'x 689 (9th Cir. 2016) (quoting *Evans, Inc. v. Tiffany & Co*., 416 F.Supp. 224, 244 (N.D.Ill.1976)). Nor are they to "be used to present new arguments or evidence that could have been raised earlier." *Thomas v. Cassia Cnty*., 491 F. Supp. 3d 805, 808 (D. Idaho 2020), aff'd, No. 20-35862, 2022 WL 1223705 (9th Cir. Apr. 26, 2022) (cleaned up). Grounds for a motion to reconsider are "limited" to correcting errors of fact or law, presenting newly discovered evidence, preventing manifest injustice, or responding to a change in the law. *See id*. The Request does not make an argument on any of those limited grounds.

Since the Request does not address any of the proper grounds for reconsidering the Order, the Court need not engage in any further analysis before denying it. Even if the Court were to look past the Request's fatal flaws, the Request is still not persuasive for the reasons below.

II.  <u>The Motion to Withdraw Meets the Local Rule's Requirements and is Proper in this Case</u>.

With leave from the court, counsel may withdraw from representing a party if the requirements of Dist. Idaho Loc. Civ. R. 83.6(c) are met.  Courts maintain discretion to grant or deny motions to withdraw.  *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998).  And when considering such a motion, "courts may consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021) (cleaned up).

In this case, the Motion satisfies the local rule's requirements.  The Motion presented a proposed order; undersigned counsel served the Motion and Order on all parties; and Millcreek has been advised that it cannot appear without being represented by an attorney.  In addition, all of the above factors weigh in favor of withdrawal.

First, the Motion states that the reason for withdrawal is because "Millcreek has ceased operations."  Soon after the Motion was filed, Millcreek voluntarily dissolved on February 1, 2025.  *See* printout of Utah business registration information, attached as Exhibit "A."  More importantly, Millcreek instructed undersigned counsel to withdraw from representing Millcreek in this case.  See Declaration of Kevin Long, attached as Exhibit "B."  In other words, Millcreek does not want to be represented by undersigned counsel in this matter or in any other matter.  Millcreek's withdrawal directive to undersigned counsel should be honored.

Second, undersigned counsel's withdrawal would not prejudice any other litigant, because this case is still in its infancy.  A scheduling order has not been issued, and no fact discovery has

occurred yet.  Indeed, Plaintiffs in this matter are currently seeking leave to file an amended complaint.  In other words, there is plenty of time for the other litigants to prosecute and defend this case to the fullest extent possible even though undersigned counsel has withdrawn from representing Millcreek.

The third and fourth factors weigh in favor of withdrawal for similar reasons.  Litigation is in its early stages in this matter.  Undersigned counsel's withdrawal will not delay the trial (which has not been scheduled) of this case and will not unreasonably delay any other important milestones in this case.

III.    <u>The Request Fails to Make any Proper, Relevant Arguments against Withdrawal</u>.

In the Request, Colliers provides three reasons for Colliers' belief that undersigned counsel should not be permitted to withdraw.  None of those reasons, however, addresses the requirements of the local rule or the factors that courts consider when adjudicating a motion to withdraw.[1]

First, the Request states that "companies that are no longer operating can still be" represented in litigation.  Although undersigned counsel do not dispute that statement, adjudication of the Motion does not require that the Court determine whether Millcreek may be represented by *any* counsel; instead, the Motion addresses whether undersigned counsel may withdraw.

Second, the Request argues that the Motion "leaves too many unanswered questions," such as whether Millcreek is going to hire new counsel, the nature and location of any Millcreek assets, and the identities of any successors to Millcreek.  But none of those questions is relevant

---

[1] The Request also fails to cite any controlling authority to support any of its arguments.

to adjudicating the Motion.  At best, those questions go to concerns that parties might have about whether, and how, a judgment against Millcreek could be satisfied.  Resolution of those concerns is not required under the local rule and is not something that courts consider before allowing withdrawal of counsel.

Third, the Request suggests that "perhaps [other] entities should be ordered joined to this action" instead of granting the Motion.  The applicable rules, however, do not require that additional parties be joined before counsel can withdraw from representation.  If Colliers were serious about attempting to join additional parties, Colliers would need to file an appropriate motion asking the Court to do so.  *See* Fed. R. Civ. P. 7 (stating that a "request for a court order must be made by motion").

In sum, the Request's arguments against withdrawal are either irrelevant or improper, or both.

<u>CONCLUSION</u>

For the foregoing reasons, and those set forth in the Motion, the Request should be denied.

DATED this 14th day of February, 2025.

PARR BROWN GEE & LOVELESS, P.C.


By: /s/ Jeffery A. Balls
    Jeffery A. Balls
    Bentley J. Tolk
    Rodger M. Burge
    *Attorneys for Kevin Long*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of February, 2025 a true and correct copy of the foregoing RESPONSE IN OPPOSITION TO COLLIERS INTERNATIONAL'S RESPONSE AND REQUEST TO RECONSIDER MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT MILLCREEK COMMERCIAL PROPERTIES, LLC was filed with the Clerk of the Court using the CM/ECF system, which provided notice to all counsel of record.

/s/      Wendy V. Tuckett