UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANA KYLE DEVLIN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COLLIERS INTERNATIONAL GROUP, et al.,<br><br>    Defendants. | Case No. 1:24-cv-00457-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court are several matters ripe for resolution. These include three Motions to Dismiss filed by various groups of Defendants (Dkts. 68, 105, and 111), Plaintiffs' Motion to File Second Amended Complaint (Dkt. 91), and Plaintiffs' two Motions for Extension of Time (Dkts. 115, 117). The Court would also like to address its prior decision allowing the withdrawal of counsel for Defendant Millcreek Commercial Properties, LLC ("Millcreek"). Dkt. 82.

Ultimately, the Court will allow Plaintiffs an opportunity to file their Second Amended Complaint. This will moot the remaining motions. Defendants can then file any motions to dismiss they deem necessary.

## II. BACKGROUND

Plaintiffs in this case include ten individuals and entities who are suing a group of fifteen individual and entity Defendants (collectively, the "Parties"). And while a scheduling order has yet to be entered and this case was filed less than six months ago,

there are already more than one-hundred docket entries.

Plaintiffs initially filed suit on October 1, 2024. Dkt. 1. Some Defendants filed early Motions to Dismiss (Dkts. 29, 43) which other Defendants subsequently joined (Dkts. 45, 50, 52). Counsel for Plaintiff and such Defendants worked together to try to remedy the deficiencies included in the Complaint and outlined in the aforementioned Motions to Dismiss. Ultimately, those parties agreed that Plaintiffs could file an Amended Complaint. Dkt. 61. The Court granted that Motion, allowed Plaintiffs to file their First Amended Complaint, and mooted all previously filed Motions to Dismiss. Dkt. 62.

Shortly thereafter, one group of Defendants re-filed their Motion to Dismiss alleging the First Amended Complaint did not remedy their prior concerns. Dkt. 68.

Plaintiffs also went back to the drawing board with other Defendants and have now moved for leave to file a Second Amended Complaint to remedy concerns *those* Defendants bought to Plaintiff's attention. Dkt. 91.

Some Defendants filed oppositions to Plaintiffs' Motion for Leave to File a Second Amended Complaint. Dkts. 99, 102. One group of Defendants filed another Motion to Dismiss Plaintiffs' *First* Amended Complaint. Dkt. 111. And a third group of Defendants filed a Motion to Dismiss the First Amended Complaint *and* an opposition to the Motion for Leave to File a Second Amended Complaint. Dkts. 105, 106.

It should be noted that throughout this case, the Parties repeatedly sought extensions of time to respond to filings. *See, e.g.,* Dkts. 22, 34, 47, 58, 59, 65, 69, 86, 88, 90, 93, 107. Whether it was because the Parties were negotiating the causes of action included in the various complaints, trying to avoid overlapping briefing, or just giving each other

MEMORANDUM DECISION AND ORDER - 2

additional time, the Parties have worked in a collegial manner to permit additional time and lessen confusion. Along these lines, Plaintiffs recently filed another Motion for Extension. Dkt. 115. Therein, Plaintiffs seek additional time to respond to one Motion to Dismiss[1] the First Amended Complaint (Dkt. 105) until the Court has ruled on their Motion for Leave to File a Second Amended Complaint. *Id*. The Defendant who filed that Motion to Dismiss has objected to Plaintiffs' request for more time. Dkt. 116.[2]

On a different topic, counsel for Millcreek filed a Motion to Withdraw during this same timeframe. Dkt. 77. The Court did not wait for responses from other parties, granted the Motion, and outlined the correct procedures for effectuating that withdrawal. Dkt. 82. Another Defendant, Colliers International, then filed a Response and Request to Reconsider. Dkt. 87. Therein, Colliers International argues the Court should have allowed other parties an opportunity to respond prior to granting counsel's withdrawal, and that Millcreek's Motion was inappropriate because there are unanswered questions about Millcreek's legal status and its relationship to other Defendants. *See generally id*. The attorneys who represented Millcreek (and still represent other Defendants) filed a Response in opposition to Colliers International's Motion to Reconsider. Dkt. 98.

---

[1] Plaintiffs' Motion only references one of the Motions to Dismiss (Dkt. 105) because it is the deadline for that Motion which has come due. However, as the deadlines for the other Motions to Dismiss rapidly approach, the Court foresees Plaintiffs asking for the same relief as to the other Motions.

[2] Plaintiffs followed their original motion for extension with another motion that does not seek to move the deadline until after the Court's ruling, but simply for a one-week extension of the existing deadline. Dkt. 117. The applicable Defendant does not oppose the extension. Dkt. 118. Insofar as the Court's ruling today moots that previously-filed Motion to Dismiss, this motion for extension is moot.

MEMORANDUM DECISION AND ORDER - 3

## III. LEGAL STANDARD[3]

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

The Ninth Circuit has stated that in assessing the propriety of a motion to amend, a court should consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the [party] has previously amended his [pleadings]." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).[4]

## IV. DISCUSSION

### A. Motion to Amend

The difficult part about this case is the number of parties involved. There are some Defendants who have filed Motions to Dismiss which require resolution on the merits. Such Defendants already coordinated with Plaintiffs and those efforts led to the First Amended Complaint. Thus, these Defendants do not see a reason for a Second Amended

---

[3] Because Plaintiffs' Motion for Leave to File Second Amended Complaint necessarily affects the other pending motions, the Court finds that Motion is where it must start (and end) its analysis today. It does not reach the substantive arguments in any of the Motions to Dismiss because they are moot in light of the Court's decision to allow Plaintiffs' Second Amended Complaint.

[4] The Court recognizes that "[a] motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Leary v. Idaho*, 2009 WL 701473, at *4 (D. Idaho Mar. 17, 2009) (citation omitted); *see also* Fed. R. Civ. P. 15(a)(2). "[W]hen a proposed amendment would be futile, there is no need to prolong the litigation by permitting further amendment." *Wold v. El Centro Fin., Inc.*, 2009 WL 1738464, at *1 (D. Idaho June 17, 2009) (quoting *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002)). While some Defendants have suggested amendment would be futile, the Court does not reach those substantive arguments as part of this decision. *See, e.g.,* Dkts. 99, at 4; 102, at 4.

Complaint. But there are other Defendants who raised concerns *after* Plaintiffs filed their First Amended Complaint. And it is some of those issues which Plaintiffs contend their Second Amended Complaint will fix.

The Court seeks to resolve the merits of the Motions to Dismiss as much as do the Defendants who filed them. But from a practical standpoint, none of those Defendants have identified any true prejudice they would suffer as a result of allowing Plaintiffs another opportunity to amend.[5]

In addition, while some Defendants contend Plaintiffs' purported effort to have "unlimited bites at the apple" has delayed resolution of this case (Dkt. 99, at 4), there is no scheduling order in place and the case is still in its infancy. Other Defendants also argue they will incur added time and expense in drafting another answer or motion to dismiss should the Court allow amendment. Dkt. 103, at 3. But such Defendants also recognize those filings "may not substantially differ" from their prior filings. *Id*. Defendants' concerns do not fall on deaf ears. But these arguments are not sufficient to overcome the liberal standard for amendment. To be sure, while allowing amendment may increase (or duplicate) some work, it will also streamline this case and allow for resolution on the merits.[6]

---

[5] Moreover, the Defendants who are most affected by the changes outlined in the proposed Second Amended Complaint have not opposed Plaintiffs' Motion to File Second Amended Complaint.

[6] For example, the Court *almost* always allows a party an opportunity to amend even when it grants a motion to dismiss. So amended (and even second amended) complaints are very common. Additionally, with overlapping motions to dismiss and competing motions to amend, the Court could find itself in a situation where its decisions are applicable to some parties but not others, and then have to circle back to the other parties all the same when their motions are ripe.

MEMORANDUM DECISION AND ORDER - 5

Plaintiffs have articulated valid reasons for filing of a Second Amended Complaint. Namely, Plaintiffs explain how their amendments will remedy concerns raised by some of the Defendants in informal negotiations. The Court finds these arguments constitute good cause for amendment. Thus, the Court GRANTS Plaintiff's Motion for Leave to File a Second Amended Complaint.[7]

As the Ninth Circuit has explained, "an amended complaint supersedes the original complaint" thereby becoming the "operative pleading." *CDK Global LLC v. Brnovich*, 16 F.4th 1266 (9th Cir. 2021) (cleaned up). Therefore, when an Amended Complaint is filed, any previously filed motions to dismiss are moot. *See Barnes v. Dist. of Columbia*, 42 F. Supp. 3d 111, 117 (D.D.C. 2014) ("When a plaintiff files an amended complaint as of right . . . the amended complaint becomes the operative pleading . . . and any pending motion to dismiss becomes moot." (cleaned up)). Accordingly, all of Defendants' Motions to Dismiss the First Amended Complaint are MOOT.

Clearly, if those Defendants' concerns persist once the Second Amended Complaint is filed, they can file renewed motions to dismiss the Second Amended Complaint. And the Court would expect that some of the motions will be substantially similar to those already filed. But redundant as that may be, it brings all the Parties onto the same track and timeline under the same operative complaint.[8]

---

[7] The Defendants who are not affected by the changes in the Second Amended Complaint are, unfortunately, caught in the crossfire and will need to refile their motions to dismiss. But the Court finds that the organizational aspects of allowing amendment and *then* taking up any motions to dismiss is the most efficient and effective way to proceed.

[8] The Court is confident renewed motions to dismiss will be filed by the Defendants who have already submitted such motions. And when they do, it will be time for Plaintiffs to "face the music." That is, instead

### B. Millcreek Commercial Properties

Changing gears, the Court wishes to finalize the issue regarding the withdrawal of Millcreek's counsel.

To begin, in granting counsel's Motion to Withdraw, the Court was not trying to stymie any parties' opportunity to respond; it was simply trying to move the case along expeditiously.

Second, the Court has rarely, if ever, denied a Motion to Withdraw. Absent extenuating circumstances, it is a party's right to hire and fire its counsel and it is an attorney's right to seek withdrawal for valid reasons. Here, the Court sees no reason to reconsider its decision. Millcreek has ceased operations. Dkt. 77, at 2; Dkt. 98-1, at 1. And more to the point, Millcreek has affirmatively "fired" its counsel. Colliers International's "questions" about Millcreek's structure or dissolution, or its suggestions of what the Court should "perhaps" do to replace Millcreek vis-à-vis other entities or other Defendants are not sufficient justification to reconsider the Court's decision. Dkt. 87, at 4–5.

That said, Millcreek is still in this case—as is Millcreek's attorney. As the Court's order specifically outlined, there are steps that need to be taken before counsel is officially released from representation. Dkt. 82. To date, nothing has been filed with the Court indicating the completion of those steps. Now, presumably Millcreek's counsel was waiting to hear from the Court on the Motion to Reconsider before performing those steps. But,

---

of seeking leave to file a third amended complaint to address the concerns raised, Plaintiffs should brief the issues so that a substantive ruling can be made on their causes of action, amendments, and the reasons for or against dismissal.

having resolved that question, Millcreek's counsel must immediately serve Millcreek with the Court's order *and* file notice of that service with the Court. Is it not until the filing of that notice that the 21-day timeframe begins.[9]

## V. CONCLUSION

The Court is a proponent of Rule 1 and the admonition that the Court (and the parties) aim for the "just, speedy, and inexpensive determination" of every case. *See* Fed. R. Civ. P. 1. While such a balance is sometimes difficult to strike when, as here, there are numerous parties involved and multiple overlapping motions to be resolved, the Court finds it best to approach the issues systematically. At this stage, that means allowing amendment.

Although Plaintiffs have already had a chance to amend and the Motions to Dismiss will ultimately need to be substantively resolved, neither of these facts preclude another opportunity to amend. Good cause appearing, the Court will allow Plaintiffs a final opportunity to amend their complaint. The Court will then address any subsequent Motions to Dismiss in due course.

## VI. ORDER

1. Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 91) is GRANTED. Plaintiffs shall file their Second Amended Complaint within three (3) business days of this Order.

2. Defendants' Motions to Dismiss the First Amended Complaint (Dkts. 68, 105, 111)

---

[9] The Court fully recognizes Millcreek is now a defunct entity, and that Millcreek has stated it *will not* be seeking new representation in this case. Dkt. 98, at 4, 6. Be that as it may, the Court's order must still be followed as to service and notice of service. Thereafter, Plaintiffs can either drop Millcreek from their Second Amended Complaint or include it and seek a default against it at the appropriate time.

are DENIED as MOOT.

3. Plaintiffs' Motions for Extension (Dkts. 115, 117) are DENIED as MOOT.

DATED: March 25, 2025

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9